[No. 13034. Department Two. — March 25, 1891.]

MARIA HALL ET AL., RESPONDENTS, *v.* JAMES WALLACE, APPELLANT.

VENDOR AND PURCHASER — STATUTE OF FRAUDS — PAROL CONTRACT OF SALE — AUTHORITY OF AGENT. — A verbal contract for the sale of real property, or for an interest therein, is invalid; and if made by the agent of the party sought to be charged, is invalid, unless the agent's authority is in writing, subscribed by the party sought to be charged.

ID. — VOID CONTRACT WITH AGENT — TENANCY AT WILL — UNLAWFUL DETAINER — TERMINATION OF TENANCY — NOTICE. — The entry and holding of an intending purchaser under a void verbal contract for the sale of the premises, with an agent of the vendor, who had no written authority to make the contract, constitutes the possessor a tenant at will of the owner of the land, who may maintain against him an action for unlawful detainer, after notice of thirty days to terminate the tenancy, and a subsequent three days' notice to quit.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Philip Teare,* for Appellant.

The defendant was in possession, on a definite verbal agreement *to purchase* the land improved by him, and there was no relation of landlord and tenant, or tenancy at will. (*Blum* v. *Robertson,* 24 Cal. 146; 2 Bouvier's Law Dict., tit. Tenancy at Will; *Hughes* v. *Trustees of Clarksville,* 6 Pet. 369.) Making valuable permanent improvements, as in this case, is a part performance, which takes the case out of the statute. (*Arguello* v. *Edinger,* 10 Cal. 150.) Section 1971 of the Code of Civil Procedure, can have no application to this case, as its scope is limited by section 1972. If the action had been ejectment, defendant could have set up the equitable defense of part performance of the verbal contract. (*Day* v. *Cohn,* 65 Cal. 508.) The action of unlawful detainer should not have been permitted, for although an equitable defense could *not* be set up in such action, no evidence was adduced to establish a ten-

ancy of any kind. The contract of purchase was not rescinded. (*Simpson* v. *Applegate*, 75 Cal. 345.) Attention is also called to the following cases: *Calanchini* v. *Branstetter*, 84 Cal. 349; *Tohler* v. *Folsom*, 1 Cal. 207; *Burlingame* v. *Rowland*, 77 Cal. 315.

*William & George Leviston*, for Respondents.

The verbal agreement made with Watson, so far as concerned the realty, was void for want of authority in Watson. (Civ. Code, sec. 1624.) The defendant was a tenant at will of the owner, having occupied by permission, without lease or rent or valid contract. (*Jones* v. *Shay*, 50 Cal. 508; *Frisbie* v. *Price*, 27 Cal. 253; *Simpson* v. *Applegate*, 75 Cal. 345; Taylor on Landlord and Tenant, 6th ed., sec. 60, p. 46; Wood on Landlord and Tenant, 32; Woodfall on Landlord and Tenant, 211.)

SHARPSTEIN, J. — This is an appeal from a judgment and order denying defendant's motion for a new trial in an action of unlawful detainer.

The plaintiffs allege that on or about the first day in May, 1886, they by a verbal agreement and lease leased and demised to the defendant certain premises now in his possession, to have and to hold at the will of the plaintiffs; that plaintiffs, on the seventh day of January, 1888, terminated said lease by giving defendant a notice in writing to remove from the said premises within a period of one month from said date, and on the twenty-eighth day of March, 1888, three days' notice in writing was given by plaintiffs to defendant, requiring and demanding of him possession of said premises; but defendant neglected and refused for the space of three days after said demand was served on him, and ever since has neglected and refused, to surrender possession of said premises; wherefore plaintiffs pray restitution thereof, etc.

Each and every allegation of the complaint is specifically denied by the defendant.

And the defendant, further answering, alleges that he entered into possession of said premises, and made valuable improvements thereon, under a verbal agreement with one Watson, an agent of plaintiff Carpentier, to purchase the same whenever said Carpentier had perfected his title thereto. Defendant further alleges that he has always been ready and willing, and is now ready and willing, to pay for said land the price which he agreed to pay therefor.

Upon these issues the parties went to trial before a jury, which returned a verdict for the plaintiff for the restitution of the premises without damages, upon which a judgment was entered that the plaintiff recover from the defendant the restitution of the possession of said premises.

The contention of appellant is, that he "did not occupy the premises as a tenant at will or for a term, but on a definite verbal agreement to purchase the land improved by him." A verbal contract for the sale of real property, or for an interest therein, is invalid; and if made by an agent of the party sought to be charged is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged. (Civ. Code, sec. 1623.) Here there was no written agreement to sell by the owner of the property, or authority in writing to an agent to sell. The alleged agreement is doubly invalid: 1. It was not in writing; 2. It was not made by an agent having authority in writing to make it.

We, think the entry and holding of the defendant under a void agreement constituted him a tenant at will. That being so, the record presents no error committed by the court which could affect the substantial rights of the parties.

Judgment and order affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.