[S. F. No. 1138. Department One.—September 8, 1903.]

## LEON CARTERI, Appellant, v. THOMAS W. ROBERTS, and GEORGE CAMPBELL, Respondents.

FORCIBLE DETAINER—PERMISSIVE ENTRY—PAROL AGREEMENT—TENANCY AT WILL—NOTICE.—In an action for forcible detainer, it is a necessary element of the cause of action that the entry was unlawful with respect to the relations between the defendants and the plaintiff; and the defendants may show in defense that the entry was by the consent and permission of the plaintiff under a verbal executory agreement for a written lease for one year to begin at some time in the future. Though such parol agreement was void in law, yet the permissive entry thereunder created a tenancy at will, which could not be terminated by a mere demand for possession; but only by a thirty days' notice.

ID.—APPEAL—SUPPORT OF DECISION—CONSTRUCTION OF EVIDENCE.—In support of the decision of the court below, this court will construe the testimony as favorably as possible for the respondents.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, for Appellant.

S. E. Crow, for Respondents.

SHAW, J.—This is an action against the defendants for an alleged forcible detainer. The defendants had judgment in the court below, from which the plaintiff appeals. The appeal was taken within sixty days after the entry of judgment, and the evidence is presented by a bill of exceptions. Findings were waived. The principal question presented is whether or not the evidence supports the judgment.

There is no serious dispute with respect to the prior possession of the land by the plaintiff. The complaint alleges that while the plaintiff was so in possession, and during his absence on October 21, 1897, the defendants unlawfully entered on the land and took possession, and that upon demand by the plaintiff for the surrender of possession, defendants refused for the space of five days, and still refuse, to give possession.

The defendant Roberts claims that he was lawfully in possession as tenant of the plaintiff. Campbell claims solely under authority from Roberts. In support of the decision of the court below, we must construe the testimony as favorably as possible for the defendants.

The facts, according to the testimony, thus construed, are as follows: Some time in the year 1896 the plaintiff had verbally agreed to lease the premises to the defendant Roberts for one year, with the privilege of two years at his option, and to execute a written lease for that term. Roberts took possession under the parol agreement and farmed the land for the year next ensuing, but no written lease was ever executed as agreed upon, and it appears that the parties both afterwards agreed to regard it as a verbal lease for one year. There was evidence to show that in August, 1897, Carteri told Roberts that he could have the land for another year, and that some time later Roberts and Campbell went to see Carteri, to ascertain definitely what he proposed to do, and that he then told them he would give Roberts a written lease as soon as he returned from Santa Barbara, to which place he was going that week or the week after. Roberts said that he wanted to commence plowing pretty soon, and, if there was any feed left on the land, Carteri had better put in his sheep and feed it off immediately. Carteri said that they could start in plowing any time they wanted to, but that he could not make the lease

until he returned from Santa Barbara. In pursuance of the permission thus given, the defendants entered upon the land and began plowing before Carteri returned from Santa Barbara. Upon his return he refused to execute the lease, but demanded immediate possession, which was refused.

This evidence was given for the purpose of showing that the entry of the defendants upon the land was not unlawful, but was by permission of the plaintiff. The plaintiff insists that this evidence was not admissible, and in support of his contention, he cites the cases of *Voll* v. *Hollis,* 60 Cal. 569; *Giddings* v. *'76 Land & Water Co.,* 83 Cal. 96; *Holland* v. *Green,* 62 Cal. 68; *Bank of California* v. *Taafe,* 76 Cal. 630. These cases are all to the effect that in actions of forcible entry or forcible detainer no question of title can be raised. In *Voll* v. *Hollis,* the court say: "Under the code, all entries on the actual possession of another are unlawful, and the question of good or bad faith on the part of the defendant no longer affects the right of recovery in this form of action. The rulings to that effect in the cases referred to by counsel for respondents (*Thompson* v. *Smith,* 28 Cal. 532, and *Shelby* v. *Houston,* 38 Cal. 422) have no application under the provisions of the Code of Civil Procedure, which were in force when this action was brought and tried." This language, however, was used with respect to evidence offered of an entry under permission from a person claiming adversely to the plaintiff, and the same is true of all the other cases above cited and relied upon by the appellant in this case. There can be no doubt of the correctness of the doctrine established by those cases, but they do not apply to the present action. It is a necessary element to the cause of action here presented that the entry of the defendants upon the land should have been unlawful with respect to the relations between the defendants and the plaintiff. It is always proper in an action of this sort to show on behalf of the defendant that his entry was made under permission of the plaintiff. The facts above stated, in substance, show that the plaintiff made a verbal agreement to execute a lease for the land for the period of one year, to begin at some time in the future. Under the decision in *Wickson* v. *Monarch etc. Co.,* 128 Cal. 158,[1] it must

---

[1] 79 Am. St. Rep. 50.

be held that such a lease is void. The evidence, however, shows that the defendants entered by the consent of the plaintiff during the pendency of the negotiations for a written lease, which was not executed. The authorities are to the effect that under such circumstances the defendant becomes a tenant at will of the plaintiff. One who enters upon land by permission of the owner under a void parol contract, or under a void lease, or pending unexecuted negotiations for a written lease, is a tenant at will. (*Dunne* v. *Trustees,* 59 Ill. 583; *Grant* v. *White,* 42 Mo. 289; *Hilsendegen* v. *Scheich,* 55 Mich. 477, 478; *Jennings* v. *McComb,* 112 Pa. St. 521; *McDowell* v. *Simpson,* 3 Watts, 129;[1] *Murray* v. *Armstrong,* 11 Mo. 213; *Harris* v. *Frink,* 49 N. Y. 32;[2] 1 Taylor on Landlord and Tenant, p. 69; 1 Wood on Landlord and Tenant, p. 47; Gear on Landlord and Tenant, sec. 34; 1 McAdam on Landlord and Tenant, pp. 94, 95; *Jones* v. *Shay,* 50 Cal. 508.) The defendants, being tenants at will, were lawfully in possession, and their tenancy could be terminated only by a thirty days' notice. (Civ. Code, secs. 789, 790.) No notice such as these sections require was given.

It follows, therefore, that the action for unlawful entry and forcible detainer cannot be sustained upon the facts shown.

The decision of the court below in favor of the defendants was correct.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

---

[1] 27 Am. Dec. 338, and note.        [2] 10 Am. Rep. 318.