## HICKOX V. BACON.

Where the defendant's daughter wrote certain letters, to which she signed defendant's name, purporting to authorize certain real estate agents to sell land belonging to defendant, but the letters were not written at defendant's dictation, and she neither knew the contents thereof nor was present when her daughter signed her name thereto, she was not bound thereby, though the daughter was living in her family.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Beadle county; Hon. J. H. Mc-Coy, Judge.

Action by H. C. Hickox against Artemetia Bacon. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Crawford & Taylor,* for appellant.

The character of a power under which an agent may execute a deed for another depends upon the presence or absence of the principal. If it is signed in his presence and by his direction, an oral request to do the act is all that is required. McMurtry v. Brown, 6 Neb. 375; Gardner v. Gardner, 5 Cush. 483; Insurance Company v. Brown, 30 N. J. Eq. 193; Story Agency § 512; 2 Greenleaf, Ev. 295; Jansen v. McCahil, 22 Cal. 563.

The only exception to the rule that an authority to execute a deed must be conferred by writing, is where the execution by the attorney is in the presence of the principal. The exception arises from the doctrine that what one does in the presence of, and by the direction of another, is the act of the latter, as much so as if it were done by himself in person. The

attorney in such case, so far as the signature is concerned, is a mere amanuensis of the grantor. Videau v. Griffin, 21 Cal. 392.

*Wood & Fairbanks* and *A. W. Burtt* for respondent.

The statute of frauds may be satisfied by the execution of a contract for the sale of lands by the hand of another person than the party to be charged, if that person be thereunto lawfully authorized; and such third person may be thus lawfully authorized orally, and even by a course of conduct amounting to an estoppel. Carstens v. McReavy, 25 Pac. 471; Farrell v. Edwards, 8 S. D. 425; Keim v. Griffith, 30 At. 1063; Valentine v. Piper, 27 Pick. 85; Rutenberg v. Maine, 47 Cal. 213; Lyon v. Pollock, 99 U. S. 668.

Corson, J. This is an action to enforce the specific performance of an alleged contract for the sale of a quarter section of land in Beadle county. Findings and judgment in favor of the plaintiff, and the defendant has appealed.

The appellant was a resident of Faribault, Minn., and the alleged contract was made with the plaintiff by Thomas & Smith, real estate agents of Huron, in this state, in the name of the appellant. By the alleged contract the appellant agreed to convey to the plaintiff the property described in the complaint upon the payment of $1,000, and was signed by Artemetia Bacon, by Thomas & Smith. The authority of the agents to make this contract is based upon certain letters purporting to have been written by the appellant to the agents, and signed. "Mrs. J. Bacon." All of the letters purporting to have been signed by Mrs. J. Bacon were in fact written and the name of Mrs. J. Bacon signed thereto by her daughter, Pearl Bacon, about 25 years of age, who resided in the family with her mother; but

were not written or signed in the presence of the mother, or under her immediate dictation or direction. The appellant contends that she is entitled to a reversal of the judgment upon the following grounds, stated in the language of her counsel: "(1) If it is sought to bind the defendant by letters written by Pearl Bacon on the ground that Pearl was her agent, the evidence fails, because no authority was given in writing subscribed by the defendant, the person sought to be charged, authorizing Pearl Bacon to act as her agent. Not only must the contract for the sale of real estate be in writing, and subscribed by the party sought to be charged, but the authority of the agent to make the contract for such sale must be in writing also, and subscribed by such party. Subdivision 5, § 1238, Civ. Code. (2) There was no subsequent ratification, because the defendant returned the $25 draft. She herself never did a single overt act from the beginning to the end of the transaction. She did not retain any of the fruits of the sale, and she did not mislead the plaintiff by her silence, because she promptly sent this draft back to Thomas & Smith. She had previously declined to sign the authorization sent to her. She wrote nothing. No subsequent letter was written by her, or in her presence, or under her direction. (3) The act of Pearl Bacon in writing and signing the name 'Mrs. J. Bacon' to all the letters offered in evidence was not the act of the defendant, because none of these letters were written and signed in her presence, or under her direction." It is insisted on the part of the respondent that the evidence of the appellant and of Pearl Bacon clearly shows that, while the letters were not written, or appellant's name signed to them, in the immediate presence of the appellant, they were written and signed by her

authority at the home where they both lived together, and in pursuance of a general understanding between the mother and her daughter that she should write the letters and sign them in the mother's name; and that the letters, being so written, were binding upon the appellant. The respondent further insists that the authority conferred by these letters upon Thomas & Smith, assuming them to have been written by the authority of the appellant, did confer upon Thomas & Smith authority to enter into the contract heretofore referred to, and that the same is binding upon the appellant.

It clearly appears from the evidence of the appellant and of her daughter, Pearl Bacon, that the appellant was not present when the letters were written or signed in her name, did not dictate them, and did not know the contents of the same. It is true that between the appellant and Pearl Bacon there seems to have been a general understanding in regard to the selling of this property, and that Pearl was verbally authorized to transact a part of the mother's business and the business pertaining to this property. It is conceded by the appellant, as we have seen, and the rule seems to be well settled, that where the name of a party is signed to an instrument in the presence of the party, and by his authority, and where he knows the contents of the same, the signature will be regarded as the signature of the party whose name purports to be signed to the instrument, but the rule does not seem to have been extended to include cases where the party whose signature appears to the instrument was not present when his name was signed thereto, and where he was not fully acquainted with the contents of the instrument. It is true that the daughter, Pearl, lived with her mother, the appellant, in the same

house, and that the appellant knew in a general way that the daughter was corresponding with parties at Huron in regard to this land, but, so far as the evidence discloses, the letters written by her daughter were not read over to her, and she was not made acquainted with their contents, and, her name thereto not being signed in her presence or by her express direction, she cannot, in our opinion, be held to have signed the letters. The daughter, Pearl, states that she had no intention of deceiving the Huron parties by signing the name of her mother to the letters, and we may assume that she acted in the most perfect good faith, believing that she was carrying out the wishes of her mother in writing these letters; but legally she had no authority to sign the same in the name of her mother when the mother was not present directing her to sign them, with the full knowledge of their contents. We do not feel inclined to extend the rule beyond the limitations to the same laid down by the authorities. In Videau v. Griffin, 21 Cal. 392, the Supreme Court of California says: "The only exception to the rule that an authority to execute a deed must be conferred by writing is where the execution by the attorney is in the presence of the principal. The exception arises from the doctrine that what one does in the presence of and by the direction of another is the act of the latter, as much so as if it were done by himself in person. The attorney in such case, so far as the signature is concerned, is a mere amanuensis of the grantor." Chaffee v. Baptist Missionary Convention, 10 Paige 92, 40 Am. Dec. 225. In this state the statute requires that the authority of an agent to sell land and make contracts for the conveyance of the same must be in writing, and it is generally held that, when not made in writing, the contracts are

void. Castner v., Richardson, 18 Col. 496, 33 Pac. 163; Dickinson v. Wright, 56 Mich. 42, 22 N. W. 312; Hall v. Wallace, 88 Cal. 434, 26 Pac. 360; Chappell v. McKnight, 108 Ill. 570; Kozel v. Dearlove, 144 Ill. 23, 32 N. E. 542, 36 Am. St. Rep. 416. The fact that the daughter was living in the family with her mother does not take the case at bar out of the rule.

It is insisted by the respondent that the appellant, in the last letter purporting to be signed by her, in which she, in effect, repudiates the contract, did not make the objections that are now made in her brief by her counsel, and that, therefore, she is estopped from making these objections now. But it appears from the evidence that the last letter was written and signed by the daughter, and it nowhere affirmatively appears that the appellant even knew of the contents of that letter, and it is affirmatively shown that it was not written or her name signed thereto in her presence or by her direction. The contention, therefore, that she is estopped by that letter, is clearly untenable. She is no more bound by that letter than by the former letters written by her daughter and her name signed thereto when she was not present. The objection, therefore, that the admission of the contract in evidence should have been sustained by the court or disregarded by it in making its finding was clearly correct, and the court committed error in finding that the contract executed by Thomas & Smith in the name of the appellant was a binding contract upon her.

It is not claimed that the contract between Thomas & Smith and the plaintiff was ever sent to her, or that she had at any time any knowledge of this contract. The $25 draft sent by Thomas & Smith did not disclose the name of the purchaser,

nor that such a contract had been executed.    The draft was not accepted, but returned to Thomas & Smith immediately upon its receipt.

The second contention of the appellant—that, assuming that the letters had been signed in her name, in her presence, and by her authority, with full knowledge of the contents thereof, still there was no sufficient authority in Thomas & Smith to execute the contract for the sale of the property with the plaintiff which would be binding upon her—presents an important question, but one, in our view of the case, we do not deem it necessary to decide upon this appeal; hence we express no opinion upon it at this time.

The judgment of the circuit court and order denying a new trial are reversed.