(71 Misc. Rep. 168.)
### BURROWS v. FISCHER.
(Monroe County Court.  March, 1911.)

1. FRAUDS, STATUTE OF (§ 106*)—SUFFICIENCY OF CONTRACT.
    A written statement by the owner of realty that the person named
    therein has paid a certain sum on his contract as to buying certain real
    property from the owner thereof is insufficient to satisfy the statute of
    frauds, if not giving the amount that was to be paid or the time of pay-
    ment.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 210,
    211;  Dec. Dig. § 106.*]

2. LANDLORD AND TENANT (§ 118*)—TENANCY AT WILL.
    An intending purchaser, entering into possession of real estate under
    an insufficient contract of purchase, is merely a tenant at will.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    402–415;  Dec. Dig. § 118.*]

Action by Walter E. Burrows, as executor, against Charles Fischer
to remove defendant as a tenant at will from certain described prem-
ises.  Judgment for plaintiff.

William F. Lynn, for petitioner.
Philetus Chamberlain, for defendant.

BARHITE, J.  The petitioner asks for a final order to remove the
defendant, upon the ground that the defendant is a tenant at will of
the premises described in the petition.  The defendant makes answer
that he occupies the premises under a contract of sale, made with the
then owner in November, 1906, and that he has been in possession of
the premises and has improved the same; that he is the owner of said
premises and entitled to remain in possession thereof.

The facts proven and conceded before me are as follows:

On November 6, 1906, Seymour Boughton, the owner of the prem-
ises at that time, gave to the defendant the following instrument:

"Mr. Charles Fischer paid me this 6th day of November, 1906, $30 on his
contract with me in regard to his buying of me and my selling to 'him the
place where John Cosgrove lived.          [Signed]  S. Boughton."

It is further conceded that the defendant, in the latter part of March,
1906, paid Boughton $40, and that the defendant went into possession
of the said premises on the 1st day of April, 1906, and has been in
possession since said time, and has paid all taxes and assessments, and
that the said property is assessed by the town assessors in the name of
Charles Fischer.  It is further conceded that, among the papers of Mr.
Boughton, after his death, was found a writing which was complete as
a contract of sale of the premises in question to the defendant; but
the same was not signed by either party, or by any one else, and there
is no evidence that this paper had ever been delivered to, or even been
seen by, the defendant, or that it gave the true terms of the agreement
for sale between Boughton and the defendant.

In view of the above facts, is the petitioner entitled to a final order
awarding him the possession of the property?  I think he is.

[1] The paper writing found among the papers of Mr. Boughton

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after his death cannot be considered as evidence of any contract. The only written evidence is the receipt or acknowledgment of the payment of $30 on the 6th day of November, 1906. This writing does not meet the requirements of the statute of frauds. It does not give the amount that was to be paid for the property, the time when the purchase price was to be paid, or give any of the essential facts with regard to the transaction, except that the property to be conveyed was sufficiently described so that it could be determined what particular piece of property was the subject of the agreement.

"The statute requires the contract or some note or memorandum thereof to be in writing, and a writing cannot be a memorandum of a contract unless it contains the substance of a complete agreement, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence." Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783; Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514.

The question arises: Will the fact that the defendant has been in possession of the land and has paid part of the purchase price entitle him to a specific performance and to possession until performance can be compelled? I think not.

The conditions of the contract are not so clearly stated that a court of equity could compel its enforcement. Certainly the court cannot compel the conveyance of a piece of property, when there is no evidence of the amount that was to be paid for the property. In Dunckel v. Dunckel, 141 N. Y. 427, 36 N. E. 405, the court says:

"One of the prerequisites to the specific performance of a parol agreement for the purchase and sale of land is that the agreement should be clearly proved and certain as to its terms."

[2] The defendant is in possession, without any conveyance or any contract which will satisfy the statute of frauds, and there is no evidence of any certain, definite contract that could be enforced in a court of equity. It follows that the defendant occupies the premises merely as a tenant at will. Harris v. Frink, 49 N. Y. 24, 34, 10 Am. Rep. 318; Hall v. Wallace, 88 Cal. 434, 26 Pac. 360; Gould v. Thompson, 4 Metc. (Mass.) 224; Howard v. Merriam, 5 Cush. (Mass.) 563; Patterson v. Stoddard, 47 Me. 355, 74 Am. Dec. 490.

The notice required by statute has been given, and the petitioner is entitled to a final order directing the removal of the defendant from the premises, besides costs.

Ordered accordingly.