[Civ. No. 2138.   Second Appellate District.—May 27, 1918.]

# MARGARET TRACY, Executrix, Appellant, v. C. W. DONOVAN, Respondent.

TENANCY AT WILL—MODE OF TERMINATION.—Where a tenant enters agricultural land under oral agreement for lease for two years, and occupies the land for two years, rendering an annual rent which is accepted by the owner, the tenancy thus created must be terminated by the notice prescribed in section 789 of the Civil Code, before the tenant is liable to an action in unlawful detainer.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. T. A. Norton, Judge.

The facts are stated in the opinion of the court.

Alex Webster, and Wm. Shipsey, for Appellant.

Carlton W. Greene, for Respondent.

CONREY, P. J.—This is an action of unlawful detainer, wherein the plaintiff appeals from a judgment of nonsuit.

On the first day of October, 1913, the defendant entered upon the farm of the plaintiff, under a parol agreement of lease for a term of two years from that date, and has ever since remained in possession and farmed the land. The plaintiff was to receive as rental one-fourth of the crops raised on the land. This rental for each of those two years was paid. On September 29, 1915, the plaintiff visited the premises in question and orally stated to the defendant that she wanted him to vacate and that she had promised the place to another party. The plaintiff never served any written notice or demand upon the defendant until the twenty-seventh day of October, 1915. On that day she did serve upon the defendant a written demand for immediate surrender to her of the possession of said premises. The defendant having failed to comply with this demand, the plaintiff commenced this action on the ninth day of November, 1915. All of the foregoing facts appear from the evidence produced by the plaintiff at the trial of the case.

Respondent contends that where a tenant enters agricultural land under oral agreement for lease for two years, and

occupies the land for the two years, rendering an annual rent which is accepted by the owner, the tenancy thus created must be terminated by the notice prescribed in section 789 of the Civil Code, before the tenant is liable to an action in unlawful detainer. This is the principal ground upon which the motion for nonsuit was made by the defendant and granted by the court. The rule at common law, as established by both English and American decisions, appears to be that, although a lease by parol may be void, as exceeding the period allowed by the statute of frauds, or the tenancy may, according to circumstances, be construed at will, or perhaps from year to year, it will nevertheless be governed, in respect to its termination, as well as to its other incidents, by the terms of the demise, and will expire at the time limited by those terms, without notice to quit. (See Taylor's Landlord and Tenant, 9th ed., secs. 80, 469, 471, with cases there cited.) But in California this common-law rule has been changed by statute. "A tenancy or other estate at will, *however created*, may be terminated by the landlord's giving notice in writing to the tenant, in the manner prescribed by section 1162 of the Code of Civil Procedure, to remove from the premises within a period of not less than thirty days, to be specified in the notice." (Civ. Code, sec. 789.) "After such notice has been served, and the period specified by such notice has expired, but not before, the landlord may re-enter, or proceed according to law to recover possession." (Civ. Code, sec. 790.)

When the defendant entered into possession of plaintiff's land, the plaintiff consenting thereto, under the circumstances shown by the evidence, defendant became a tenant at will. (*Carteri* v. *Roberts,* 140 Cal. 164, [73 Pac. 818].) When thereafter the defendant paid and the plaintiff accepted an annual rent for the premises, the defendant became a tenant from year to year. Was this an "estate for years," or does it come within the definition of an estate at will? (Civ. Code, sec. 761.) If the latter, then section 789 of the Civil Code is applicable to the case, and the tenancy cannot be terminated by the landlord without the notice thereby required. We are satisfied that it is a form of tenancy at will. (Jones on Landlord and Tenant, secs. 192, 194; Tiffany on Landlord and Tenant, p. 120.) "The tendency of the courts is to construe all general or doubtful

tenancies into estates from year to year; and parol leases which, under the statute of frauds, constitute estates at will, are turned into estates from year to year by the payment and acceptance of rent, or other circumstances indicating that that is the intention of the parties. . . . Such estates partake of the nature of an estate at will." (*Rosenblat* v. *Perkins,* 18 Or. 156, [6 L. R. A. 257, 22 Pac. 598].) Therefore, it was held that, under an Oregon statute similar to section 789 of our Civil Code, the tenancy would not be terminated without the notice required by the statute.

The judgment is affirmed.

James, J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1918.