LEWIS, Appellant, v. JONES, Respondent.

(178 N. W. 1001.)

(File No. 4707.   Opinion filed August 25, 1920.)

**Brokers—Owner's Authority for Exclusive Sale of Realty, Whether Agent Can Bind Owner for Deed—Former Decision Followed.**

Where an owner of realty gave real estate agents the exclusive sale of specified realty, held, that such authority did not embrace the right of the agent to enter into a contract with a purchaser, for delivery of deed therefor; that (following Lichty v. Daggert, 23 S. D. 380,) mere listing of lands with authority

to sell and dispose of same at a fixed price, in absence of special authority to enter into written contract with purchaser in name of principal, only authorizes the broker to find and present to principal such a purchaser; the language in the agency contract giving "exclusive sale" for a specified period meaning nothing more than exclusive agency for that period, of employment of agent for that length of time to find and bring owner a buyer.

Whiting, J., not sitting.

Appeal from Circuit Court, Yankton County. Hon. Robert E. Tripp, Judge.

Action by Robert M. Lewis, against Adelia C. Jones, to recover damages for alleged failure of defendant to convey realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Harry A. Robinson,* for Appellant.
*French, Orvis & French,* for Respondent.

POLLEY, J. This action was brought to recover damages alleged to have been occasioned by defendant's failure to convey real estate. Defendant, being the owner of a certain piece of real estate, by an instrument in writing, employed a firm of real estate brokers to sell the same. The said instrument reads as follows:

"September 24, 1919.
"Made this 24th day of September, 1919, between Adelia C. Jones, party of the first part, and Wheeler & Ellerman, party to the second: Witnesseth that Adelia C. Jones, this day gives Wheeler & Ellerman the exclusive sale of the following property, situated in Yankton county, state of South Dakota, for the space of 30 days, (months), vis.: Lot 6, block 3, Lower Yankton, 44x 150. * * *

"Witnesseth our hands and seals the day and year first above written.

"[Signed]    Adelia C. Jones.
"Witness: [Signed]    E. Ellerman."

Within the term of said employment the said Wheeler & Ellerman entered into the following contract in writing:

"Yankton, S. D., Oct. 22, 1919.
"Received of R. M. Lewis the sum of $600 to apply on the purchase price of lot 6 in block 3, Lower Yankton, So. Dak.

Which I have this day sold to the said R. M. Lewis, at the agreed price of $4,350.00. The balance of said purchase money to be paid by the said R, M. Lewis upon the execution and delivery of the necessary and proper warranty deed of conveyance. Said deed to be executed and delivered with a reasonable time not to exceed thirty days from date of this contract.

"Dated at Yankton, So. Dak., this 22nd day of October, 1919.

"[Signed]    Adelia C. Jones.

"By Wheeler & Ellerman, Her Agents.

"I hereby agree to purchase the above-described real estate at the price and upon the terms set forth in the above receipt and to pay the balance of said purchase money upon the execution and delivery of the deed as therein specified.

"Dated this 22d day of October, 1919.

"[Signed]    R. M. Lewis."

Appellant tendered the balance of the purchase price, and demanded a deed in accordance with the terms of said contract. Respondent refused to carry out the contract, and conveyed the property to other parties. Appellant, claiming to have been damaged by respondent's failure to convey, brought this action to recover such damages. It is not claimed that respondent ever accepted the $600 that had been paid to Wheeler & Ellerman, or did any other act that would tend to ratify the said contract.

The only question presented by the record is whether the written instrument above set out authorized Wheeler & Ellerman to bind respondent by the written contract entered into by them.

At the outset of the argument appellant states that he "recognizes the full weight of the general rule, announced by this court in Litchy v. Daggett, 23 S. D. 380, 121 N. W. 862, Riley v. Grant, 16 S. D. 553, 94 N. W. 427, Hickox v. Bacon, 17 S. D. 563, 97 N. W. 847, Watters v. Dancy, 23 S. D. 481, 122 N. W. 430, 139 Am. St. Rep. 1071, and Ballou v. Carter, 30 S. D. 11, 137 N. W. 603, that the ordinary brokerage contract 'to sell' real property is merely authorized to find a purchaser."

In Litchy v. Daggett this court said:

"It seems to be well settled that the mere listing of lands, with authority to sell and dispose of the same at a certain fixed price, in the absence of a special authority to enter into a written

contract with the purchaser in the name of the principal, only authorizes the real estate brokers to find and present to the principal such a purchaser, but it does not authorize him to enter into any contract binding the defendant to convey the property. It would be a very dangerous doctrine to hold that a real estate broker, when authorized to find a purchaser for property at a fixed price, could, without further negotiations with the owner of the property, enter into a contract binding the owner of the property and fixing all the terms and conditions of the sale without authority so to do from the owner, and such seems to be the view of the authorities."

And in Stemler v. Bass, 153 Cal. 791, 96 Pac. 809, it is said: "The ordinary authority of a real estate agent deputed to sell real estate is simply to find a purchaser, and he has no power to bind his principal by a contract of sale unless it appears that it was intended to confer such additional authority"—citing Duffy v. Hobson, 40 Cal. 240, 6 Am. Rep. 617; Armstrong v. Lowe, 76 Cal. 616, 18 Pac. 758; Delano v. Jacoby, 96 Cal. 279, 31 Pac. 290, 31 Am. St. Rep. 201.

We are unable to find anything in the instrument involved in this case to take it out of the ordinary rule. The language giving Wheeler & Ellerman the "exclusive sale" for a period of 30 days means no more than the exclusive agency for that period of time, or the employment of them for that length of time to find and bring to respondent a buyer for the property.

The demurrer was properly sustained, and the order appealed from is affirmed.

· WHITING, J., not sitting.