AXTELL, Appellant, v. MULLER, Respondent.

(183 N. W. 133.)

(File No. 47.96. Opinion filed June 2, 1921.)

**Vendor and Purchaser—Specific Performance—Agent to Find Purchaser on Prescribed Terms, Non-authority to Sign Contract—Rule Stated.**

Where a land owner had listed land for sale with an agent authorized to find a purchaser upon specified terms, and upon being written to by a prospective purchaser, by letter referred him to the agent, the purchaser thereafter meeting and agreeing with the agent to purchase on the specified terms, a written receipt or memorandum of sale being signed by him and by the agent as such, but the owner refused to execute or approve the memorandum or to enter into any contract for sale of the land; held, that the agent's authority under the listing contract was merely to find a purchaser, able, ready and willing to purchase on said terms; that the ordinary authority of a realty broker with whom land has been listed for sale does not confer authority to sign a contract for or in name of land owner; and evidence fails to show any written contract for sale between owner and purchaser or by any one authorized in writing signed by owner.

Appeal from Circuit Court, Moody County. Hon. JOHN T. MEDIN, Judge.

Action by E. K. Axtell, against Peter Muller, to enforce specific performance of an alleged contract for sale of land. From a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Krause & Krause,* for Appellant.

*Jones, Muller & Conway,* and *Cass Brothers,* for Respondent.

Appellant cited: Sec. 856, Code 1919; Wharton v. Talbert (S. C.) 65 S. E. 1056; case note to Spriger v. City Bank & Trust Co. (Colo.) 1917 A. Ann. Cts., page 524; White v. Breen (Ala.,) 32 L. R. A. 127; Browne Stat. of Frauds, Sec. 345a.

Respondent cited: Lichty v. Dagert (S. D.) 121 N. W. 862.

McCOY, J. Action for specific performance of an alleged contract for sale of land. The complaint alleged the making of a

contract and breach thereof. The answer denied the making of
the contract and pleaded the statute of frauds. Findings and
judgment were in favor of defendant, and plaintiff appeals.

The assignments of error present for consideration the ques-
tions of the sufficiency of the evidence to sustain the findings and
the sufficiency of findings to sustain the judgment. The vital
finding by the trial court was:

"That the plaintiff and defendant did not enter into any con-
tract or agreement in writing for the purchase and sale of the
real estate described in the complaint subscribed by the defendant
or by any person thereunto by him authorized in writing; nor was
any note or memorandum of such contract or agreement made in
writing and subscribed by the defendant or by any person there-
unto by him authorized in writing; nor did the defendant agree
to contract with the plaintiff to sell to him the said real estate
described in the complaint."

[1, 2] It appears from the evidence preserved in the record
that appellant and respondent had some written correspondence
in relation to the sale of said land; that respondent had listed
said land for sale with one Loucks, who was authorized to find a
purchaser for respondent for said land upon specified terms; that
appellant wrote respondent that he would like to purchase said
land on specified terms; that respondent replied, in substance,
that he would not enter into a contract with appellant, but that
said land was listed with Loucks for sale, and that appellant
should see the agent Loucks about a sale thereof; that appellant
then saw said agent and agreed with the agent to purchase on
the specified terms; that a written receipt or memorandum for
sale was made and signed by appellant and Loucks as the agent
of respondent, and forwarded to a bank for approval by respond-
ent; that respondent refused to execute or approve the said
memorandum; that a contract for sale, executed by appellant,
was then sent to respondent for his signature; and that respond-
ent refused to enter into such or any contract for sale for said
land with appellant. The agent in question was never in writing
authorized to make any contracts with the purchaser he might
find for said land, and therefore had no authority to sign a mem-
orandum under the statute of frauds. The authority of the agent
as shown by the listing contract was to find a person who was

able, ready, and willing to purchase on the prescribed terms. The ordinary authority of a real estate broker with whom land had been listed for sale does not extend to and does not confer any authority upon the agent to sign a contract for or in the name of the landowner. The mere giving of an agent authority to sell does not, by force of the terms used, confer authority to sign the vendor's name to a contract to sell. Watters v. Dancey, 23 S. D. 481, 122 N. W. 430, 139 Am. St. Rep. 1071; Purkey v. Harding, 23 S. D. 632, 123 N. W. 69; Hickox v. Bacon, 17 S. D. 563, 97 N. W. 847; Lewis v. Jones, 43 S. D. 282, 178 N. W. 1001; Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453. The evidence in this case failed to show that any written contract for sale of said land was ever entered into by the appellant and respondent, nor by any one authorized in writing signed by respondent.

Finding no error in the record, the judgment and order appealed from are affirmed.