[Civ. No. 13385. Second Dist., Div. Two. Dec. 9, 1941.]

DAIL E. TURNEY et al., Appellants, v. MARGARET B. COLLINS, Respondent.

DAIL E. TURNEY et al., Appellants, v. SECURITY TITLE INSURANCE AND GUARANTEE COMPANY (a Corporation), Respondent.

Fred A. Shaeffer for Appellants.

M. R. Van Wormer and Lawton D. Champion for Respondents.

HANSON, J. *pro tem.*—These two cases were brought by the appellants, all four of whom were joint tenants of certain real and personal property, to recover, in the one case, the possession of the property, together with damages for its detention by respondent Collins, and, in the other case, to enjoin the trustee from selling the property, under a trust deed of which said respondent was the beneficiary.

The trial court granted a preliminary injunction, restraining the sale of the property under the trust deed, but, on the trial, discharged the injunction and entered judgment in both cases in favor of the respondents.

The property involved is the Santa Marguerita Inn and Auto Court. It was held in joint tenancy by appellants Turney and Minton and their wives, subject to both a trust deed and a chattel mortgage, securing a note in the principal sum of $22,000, held by the respondent. By the terms of the note, executed on March 14, 1939, the appellants were obligated to pay to respondent Collins, at the San Luis Obispo branch of Bank of America, the sum of $250 on the 15th day of each month.

Pursuant to a prior request of one of the debtors, respondent, under date of May 30, 1939, wrote to the manager of the bank, where the monthly installments of her note were payable, that she was agreeable to permitting her debtors to pay thereon monthly an amount not less than $150, as they had requested. Beginning with Nov. 15, 1939, and on the 15th day of each month thereafter, to and including June 15, 1940, the debtors paid $150 monthly, except that on April 15, 1940, they paid $250. Evidently, the latter payment was occasioned by a letter respondent wrote appellant Turney, under date of April 2, 1940, wherein she stated she needed the $500, which was then past due, and requested that it be paid on April 15, 1940, and also that "full payment" be then made of the installment which would fall due on that date. As her request for payment of the past due installment of

$500, and her further implied request that the appellant should thereafter make payment in accordance with the terms of the note were not complied with, respondent went to Santa Marguerita on July 1, 1940, to confer with her debtors. As a result of several conferences held on that and the succeeding day, between respondent and her counsel, and appellants, Mr. and Mrs. Minton and Mr. Turney and their counsel, written escrow instructions were entered into and signed by respondent and the husbands, Turney and Minton. These instructions obligated the husbands to vest complete legal title to the property described in the trust deed and chattel mortgage in the respondent, in return for her complete release of their obligation to her, plus a payment into the escrow of $2500 to the credit of Mr. and Mrs. Turney and Mr. and Mrs. Minton.

Other provisions of the escrow instructions are not of sufficient materiality to be stated, except we should here note that the instructions recited they were to be binding on the parties thereto for 30 days, with no right in the parties to withdraw therefrom in that period. Although Mrs. Minton was present, she did not sign the instructions, nor did they recite that she was a party thereto. Respondent having paid the escrow holder the sum of $2500, as required by the instructions, the parties returned to the inn, and there Mr. Turney and Mr. Minton, in the presence of Mrs. Minton, placed respondent in possession of the property.

On July 7, 1940, Mrs. Turney, who had been absent in Los Angeles, returned to the property and removed her personal belongings. On the following day, Mrs. Turney and Mrs. Minton directed a letter to the escrow holder, stating that they would not sign or execute the necessary documents to conclude the escrow. The reason given was that the consideration named in the escrow instruction was not sufficient, and that they would not execute any conveyance until a reasonable sum, which was satisfactory to them, was deposited in the escrow. This letter, signed by the wives, had appended thereto the following: "For the above reasons, the undersigned likewise request that the said escrow be stopped." Signed: "Dail C. Turney, Ray Minton."

That the appellants were completely dissatisfied with the sum of money they were to receive in the transaction, would

seem to be abundantly shown by the fact that the husbands and the wives caused a further notice to be served on respondent, Mrs. Collins, demanding that she yield possession of the property to them at once, and that if she did not do so, she would be required to pay as rental therefor $4,500 a month for each month during which she retained possession, or at the rate of $150 per day, payable daily. Additionally, the notice advised that, if appellants should find it necessary to sue for the rental demanded, they would demand in such suit treble rents from her.

The trial judge found that a reasonable monthly rental of the property would not exceed $250 per month. We are not inclined to offer any adverse comment on the fact that he seems to have been wholly unimpressed by the mere size of the claim made by the appellants, when he determined what rent was reasonable. In that connection, we might observe that a quick calculation indicates that rents trebled would amount to $450 per day, or a total of $13,500 per month, and, if collectible, for default of respondent, would have enabled the appellants, within a period of less than two months, to pay their debt in full and to have the property involved as well.

The respondent failed to comply with the demand of appellants. Instead, on July 24, 1940, she essayed to test her opponents' armor, by serving a notice on them, declaring the note due for default in payment of the installments thereof along with a demand that appellants perform the terms of the chattel mortgage, and, for failure so to do, that she would sell the property covered thereby. This initial onslaught on her part she carried forward in a few days when on August 28, 1940, she caused the trustee in the trust deed to file notice of default for breach of the terms thereof.

The trial court found, in substance, that the respondent went into possession of the property on July 2, 1940, with the consent of all the plaintiffs; that, on July 8, 1940, she was served with the notice mentioned; that the plaintiffs refused to proceed under the terms of the escrow, signed by the husbands; that, at and prior to July 8, 1940, the appellants were delinquent in their payments; that the reasonable rental value of the premises between July 2, 1940, to and including Oct. 1, 1940, was at the rate of $200 per month, and, from that date onwards, at the rate of $250 per month;

that the appellants were entitled to rental at said rates from July 2, 1940, to the date of the judgment, to be applied as a credit on the amounts due from them to the respondent; that the appellants were not entitled to a continuance of the injunction, which they had obtained, and that the respondent was entitled to have a sale of all the property to make the amount due to her.

It will be noted that the facts are simple, and we think the law applicable equally so. Nevertheless, we shall first state and discuss certain preliminary contentions made by appellants before reaching their main contention.

Appellants' first contention is that respondent, as a matter of law, was without right to accelerate the due date of the note. This contention is based upon the claim that as respondent not only had authorized, but had accepted, partial payment of the installment due on June 15, 1940, as well as a series of partial installments before that date, there could be no acceleration for the unpaid portion of these installments. There is no merit in the contention. The rule applied in vendor and purchaser contracts, which under certain circumstances prohibits a forfeiture without giving prior notice, for a partial default in the payment of past due installments, or for failure to pay a current installment promptly when the vendor has either authorized or accepted late payments, has no application to the provisions of a contract of the character here, permitting acceleration. (*Righetti* v. *Monroe, etc.,* 109 Cal. App. 333 [293 Pac. 114].)

The further claim that there could be no acceleration for non-payment of the July 15, 1940, installments, based on the ground that respondent was in possession and was not entitled to both possession and payment is equally without merit.

Appellants' next contention is that the court erred in permitting the introduction in evidence of the note and trust deed. This contention is predicated upon the fact that the amended answer and counterclaim, instead of setting forth therein copies of these instruments, merely by reference to the original answer, incorporated therein copies thereof. In support of their contention that this was error and that the instruments accordingly could not be introduced into evidence, appellants rely on a concurring opinion in *Ralphs* v. *Hensler,* 97 Cal. 296, 297 [32 Pac. 243], and the

case of *People* v. *Jose de la Guerra,* 24 Cal. 73. In the first case cited, the concurring opinion directly holds, as appellants contend, that one cannot, in an amended pleading, incorporate therein by reference an exhibit set forth in an earlier pleading in the case. ▆ The concurring opinion is not the decision of the court, but a mere concurrence with that decision by the writer of the concurring opinion. Accordingly, the view there expressed is not binding upon us. The case of *People* v. *Jose de la Guerra* involved the question whether an exhibit set forth in the pleadings in a *wholly separate case* could by reference be incorporated in a pleading in another case. Accordingly, the case is not here in point. ▆ As the question here presented to us is open, we are of the opinion that there is not the slightest reason for holding that a pleading may not by reference incorporate an exhibit or allegation found in another pleading in the same case, even though the pleading has been superseded by such later pleading. Except in a case where a complaint has been filed and not served, or a new party is brought into the case after pleadings have been filed and served, the opposing parties have copies of the prior pleadings, and so have no need to be supplied again, either with allegations or exhibits set forth in earlier pleadings in the same case. Such a requirement would simply involve needless additional expense to a party, and moreover, it unduly encumbers the record. The need for obviating such a requirement is illustrated, by the well known fact that many trust deeds, such as those executed by large industrial, transportation and utility corporations are so detailed, and in bulk so large, that they are printed and oftentimes are the size of a large book. To require that such an instrument should be annexed to a pleading every time it supersedes an earlier pleading, to which the instrument is attached, is both needless and unreasonable. In the federal courts, from their very inception, it has been sufficient to file an exhibit with the clerk, and by reference to incorporate the exhibit in any pleading filed in the case. That is a rule of common sense. If, for any good reason, it is important that an exhibit should be annexed to a pleading, rather than incorporated therein by reference, the matter should be left to the discretion of the trial court to order that which under the circumstances should be done. The trial court in the instant case was satisfied to read the exhibit by reference. We, too, are likewise satisfied with his ruling.

 The appellants next contend that the court erred in receiving evidence of the rental value of the property involved, because in the copy of the amended answer, which was served upon them, counsel for respondent neglected to set forth in a blank following a dollar sign, the amount respondent claimed was the reasonable rental, even though the blank was filled out in the original pleading filed with the clerk. Shortly stated, the claim here is that the appellants were entitled to rely upon the correctness of the answer which was served upon them, and to assume that the uncertainties therein—caused by a failure to fill out the number of dollars—required that they do nothing, much less assume that in the pleading as filed that possibly some few dollars might be claimed. Accordingly, they contend not only that they were entitled to rely on the answer as served, but were not required to anticipate that an issue would or could be raised in the trial court as to the reasonable value of the rental. This claim they make in the face of the prayer of the amended answer, which definitely indicates that the issue would be made on the trial. In that connection it should be observed that appellants further contend they were unduly harmed, in that the trial court permitted evidence on the point, and they, relying on the pleading, were not prepared to meet it. The allegation containing the phrase "$—— per month" made it clear that a rental of some amount would be claimed. What that amount would be was definitely uncertain. But demurrer and motion are procedural methods available for clarifying uncertainties. Having failed to proceed, as they might have by demurrer or motion to require the defendant to eliminate the uncertainty, the trial court rightly received the evidence.

 In the instant case, a signed document embodied the "escrow instructions" and the respective agreements of the parties thereto. It was signed by the two husbands and the respondent, and contrary to the contention of the appellants, the document was a binding, executory contract between the parties thereto. (*Tuso* v. *Green*, 194 Cal. 574 [229 Pac. 327].) By the terms of the writing, the husbands undertook not to convey the real and personal property, if their wives, who were joint tenants with them, refused to join in the deeds, but, on the contrary, they obligated themselves to supply the documents necessary to vest the fee simple title

in respondent, upon condition that she satisfy her trust deed and chattel mortgage.

Under the terms of the executory contract, the husbands were not obligated to place the respondent in possession. In view of that circumstance appellants contend that even though possession was given by three of the four joint-tenants, or even if all four had placed respondent in possession, appellants had the right to possession and that it should have been sustained. To support their contention they rely not only on the abstract principle, that pending performance the right of possession is in the vendor, but on that line of cases of which *Burnett* v. *Caldwell*, 9 Wall. 290 [19 L. Ed. 712], is typical, which hold that where the vendee is let into possession pending consummation of the contract he is a licensee. The rule announced in those cases is not the rule in this state. Here the vendee is classed as being a tenant at will and not a mere licensee. (*Hall* v. *Wallace*, 88 Cal. 434 [26 Pac. 360].)

In this state the rule is well-established that in determining where the right of possession rests the courts will not be guided alone by the abstract principle that possession follows the legal title. If the executory contract of sale contains no express or implied provision relative to the right of possession the abstract principle will be followed. But if under the particular circumstances existing there is an implication or inference that the vendee rather than the vendor is to have possession, then such possession will be sustained. An apt illustration of a case where possession is determined to be in the vendee is where the vendee purchases on contract a home on comparatively small monthly installment payments and is obligated to pay the taxes. Moreover, where the vendor actually places the vendee in possession of the property, the well-recognized rule of this state is that the vendor may not oust him from his possession where he is not in default unless the contract expressly provides otherwise. (*Andrews* v. *Karl*, 42 Cal. App. 513 [183 Pac. 838]; see also *Whittier* v. *Stege*, 61 Cal. 238; *Mayer* v. *West*, 96 Cal. App. 31 [273 Pac. 849], 66 C. J., p. 1036; 28 A. L. R. 1069.) Questions as to the right of possession in cases where the vendor is wholly unable to convey title, as was the case in *Garvey* v. *Lashells*, 151 Cal. 526 [91 Pac. 498], we have no occasion to consider. We have no such case here. More-

over, no citation or argument with reference to that line of cases has been made, so we are not called upon to discuss them.

It is entirely apparent from the notice which was given to the escrow holder by the wives, and also signed by the husbands, that conveyance could and would be made by the wives upon receipt of a sufficient consideration. As the husbands were already bound to the respondent any additional consideration required to procure the signature of the wives to any necessary documents was payable by the husbands and not by the respondent. In any event the procedure taken by the appellants toward procuring possession was in law wholly abortive.

As has been noted in the statement of the facts, the respondent was not in default under the executory contracts made by the husbands, and as they, together with Mrs. Minton, put respondent into possession of the property, they had no standing to demand the possession from her. Independent of contract stipulations, the vendee in an executory land contract is strictly a tenant at will and not at sufferance as appellants contend. (*Hall* v. *Wallace*, 88 Cal. 434 [26 Pac. 360]; *Carteri* v. *Roberts*, 140 Cal. 164 [73 Pac. 818]; *Tracy* v. *Donovan*, 37 Cal. App. 350 [174 Pac. 113] (hearing denied by the Supreme Court).) Even if the contract here involved had been void, as appellants incorrectly state, the rule is the same in this state. In *Hall* v. *Wallace, supra,* it is said, "the entry and holding of the defendant under a void agreement constituted him a tenant at will."

Irrespective of respondent's right to rely upon her superior possession, given to her by the terms of the instruments which secured her note, she was placed in possession by the husband and Mrs. Minton and so, as to them, was a tenant at will, which tenancy under the statute could only be terminated by the service of a thirty days' notice upon her. (*Carteri* v. *Roberts*, 140 Cal. 164 [73 Pac. 818].) The common law rule which does not require a notice to quit, where a tenancy is for a definite term, or where one enters upon land by the permission of the owner under a void parol contract, or under a void lease contract, has been changed by statute in this state. As was said in *Tracy* v. *Donovan, supra:* "'A tenancy or other estate at will, *however created,* may be terminated by the landlord's giving notice in writ-

ing to the tenant, in the manner prescribed by section 1162 of the Code of Civil Procedure, to remove from the premises within a period of not less than thirty days, *to be specified in the notice.'* (Italics ours.) (Civil Code, sec. 789.)'' The notice here specified a removal ''forthwith'' and so was wholly ineffective; it was as though it had never been made or given. Moreover, the notice canceled itself out when, on the one hand, it purported to demand possession. and, on the other hand, demanded a specific sum if the respondent continued in possession. (Cf. *Colyear* v. *Tobriner,* 7 Cal. (2d) 735 [62 Pac. (2d) 741, 109 A. L. R. 191].) For this reason, and the further reason that Mrs. Turney did not by the notice request merely her own interest in the possession, she had no foundation for her alleged cause of action, even if we assume that no act of her co-tenant or any conduct on her part divested her of a possession in the premises measured by her interest therein. If Mrs. Turney had a right of possession after her co-tenants had let the respondent into possession, such right was that of a tenant in common with the respondent, where neither could oust the other.

 As the respondent must thus be deemed to be a tenant at will in possession, she so continued thereafter as against all the appellants, for want of an effective notice served upon her. When, then, respondent on July 24, 1940, gave appellants notice of her election to declare the entire unpaid principal, with interest due and payable for appellants' default, she tacked, as she had a right to do, her then possession to her superior right of possession granted to her by the terms of her trust deed and chattel mortgage. From that time forward she was entitled to rest on this superior right of possession with an obligation only to account, as any mortgagee in possession, is required to account, to a mortgagor. The rule as to superior possession is succinctly set forth in the Restatement, Property, sec. 22, where it is also pointed out that there is no estate of sufferance, where the possession is taken and held, as it is here.

 Appellants' criticism of the finding that the respondent went into possession ''with the consent of all of the plaintiffs'' is based on the thought that Mrs. Turney did not consent. The error, if error there be, is of no materiality in the view we take of the case. As it cannot affect the result we need not correct it, as we are empowered to do.

Appellants further claim that respondent having elected to take possession under her security she was not entitled during the period of her possession to payment of the monthly installments, which would have been payable to her, had there been no acceleration. This contention is so wholly unsound that it calls for neither discussion nor citation of authority. For the reasons indicated, the judgment in the action for possession and for damages should be affirmed.

We come now to the further action for injunction. We think that what we have said about the possessory action makes it plain that there is nothing that needs to be said about the judgment in the injunctive action, other than to say that it, too, should be affirmed. For the reasons stated, the judgments in both actions are affirmed.

Wood (W. J.), Acting P. J., and McComb, J., concurred.