PATROSSO, J.
 

 Action in unlawful detainer to recover possession of a dwelling house, wherein plaintiff recovered judgment for restitution of the premises and damages in the sum of $1,470, from which defendants appeal.
 

 The record discloses that defendant William T. Hatch was employed by plaintiff sometime prior to December 5, 1952, and remained in its employ until June 19, 1953, when his employment was terminated. Just what his duties were is not clear from the record, but he is described by an officer of the plaintiff “as a sort of a maintenance man—he had several duties.” The circumstances surrounding defendants’ occupancy of the house is left in equal obscurity; the testimony on the subject adduced upon behalf of plaintiff being merely to the effect that on or about March 1, 1953, Mr. Hatch was granted “oral permission to move into the premises in question”; that there was no “agreement with regard to rent at the time he [defendant] took possession”; and that defendants never agreed to or paid any rent therefor.
 

 Upon termination of Mr. Hatch’s employment, plaintiff demanded possession of the premises, and upon defendants’ refusal to surrender the same plaintiff caused to be served
 
 *Supp. 792
 
 upon defendants a three-day notice, dated June 23, 1953, to pay rent at the rate of $200 per month for the month beginning June 20,1953, or quit possession of the premises. Despite this notice defendants remained in possession without payment of rent, and on March 25, 1954, the present action was instituted. The complaint makes no mention of the three-day notice referred to above, alleging that the defendants occupied the premises under an oral license from plaintiff, and that the latter terminated such license on June 19, 1953. Defendants’ answer denies the material allegations of the complaint and alleges that on March 1, 1953, the parties entered into an oral agreement whereby defendant Mr. Hatch was to act as sales agent for the plaintiff in the sale of 50 houses located in a described tract in consideration of the conveyance to defendants of the property in question “subject only to the first and second trust deeds thereon” plus “$100 per house, ’ ’ and defendants entered into possession of the premises pursuant to such agreement. Upon the trial, however, the court unduly restricted defendants in the proof of the agreement alleged, upon the ground that such agreement was invalid or unenforceable under the statute of frauds. Defendant was, however, permitted to testify that he was “to secure money or building for them (plaintiff) to secure a tract under the name of Covina Manor, Incorporated, in Covina, and they were in turn to give me an agreement to have a house that I was to occupy up to the—that is, the house that I am now occupying up to the first—that is, I was to have that house up to the first and second mortgage, and the right to sell houses at $100.00 a house.” Defendant further testified that he thereupon moved into the housé in question, but upon objection was precluded from testifying further as to his conversation with plaintiff as to what he was to do with respect to the house. Assuming that the agreement was invalid for the reason suggested, the evidence was nonetheless admissible for the purpose of showing the circumstances under which defendant went into possession, as will hereafter appear.
 

 As grounds for reversal, defendants first contend that they were tenants at will, and as admittedly the 30-day notice in writing required by section 789, Civil Code, was not given, an action in unlawful detainer cannot be maintained. (Code Civ. Proc., §1161, subd. 1) ;
 
 Carteri
 
 v.
 
 Roberts
 
 (1903), 140 Cal. 164, 167 [73 P. 818].)
 

 “A tenancy at will is an estate which simply confers a right to the possession of premises leased for such indefinite
 
 *Supp. 793
 
 period as both parties shall determine such possession shall continue. . . . The tenant at will is in possession by right with consent of the landlord either express or implied, and he does not begin to hold unlawfully until the termination of his tenancy. His estate is a leasehold and he holds in subordination to the title of the landlord.” (51 C.J.S. p. 762, § 156.) And “A permissive occupation of real estate, where no rent is reserved or paid and no time agreed on to limit the occupation, is a tenancy at will.” (51 C.J.S. p. 766, § 159. See also
 
 Jones
 
 v.
 
 Shay
 
 (1875), 50 Cal. 508;
 
 Hayden
 
 v.
 
 Collins
 
 (1905), 1 Cal.App. 259, 265 [81 P. 1120].) It is equally well settled that “one who enters upon land by permission of the owner under a void parol contract, or under a void lease, or pending unexecuted negotiations for a written lease, is a tenant at will.”
 
 (Carteri
 
 v.
 
 Roberts, supra
 
 (1903), 140 Cal. 164, 167, and see also
 
 Norton
 
 v.
 
 Overholtzer
 
 (1923), 63 Cal.App. 388, 395-396 [218 P. 637].)
 

 Thus, under the authorities cited, whether we accept the testimony adduced upon behalf of plaintiff to the effect that defendants were granted oral permission to occupy the premises without specification as to time and absent any agreement for the payment of rent, or whether we accept defendants’ version that they entered into possession of the property under a verbal agreement—invalid under the statute of frauds—that the property was to be conveyed to them in consideration of services rendered or to be rendered by defendants, the status of defendants was that of tenants at will.
 

 The preceding discussion serves to dispose of plaintiff’s argument that the defendants were mere licensees. “A license is an authority to do a particular act or series of acts upon the land of another, and conveys no estate in the land, whereas a tenancy at will is the permissive right to occupy and enjoy premises, and creates an estate in the tenant.” (51 C.J.S. p. 763, § 156. See also
 
 Emerson
 
 v.
 
 Bergin
 
 (1888), 76 Cal. 197, 201 [18 P. 264] ;
 
 Eastman
 
 v.
 
 Piper
 
 (1924), 68 Cal.App. 554, 560 [229 P. 1002].) In
 
 Kaiser Co.
 
 v.
 
 Reid
 
 (1947), 30 Cal.2d 610, 619 [184 P.2d 879], the following is quoted with approval from
 
 Von Goerlitz
 
 v.
 
 Turner
 
 (1944), 65 Cal.App.2d 425, 429 [150 P.2d 278] : “The test . . . ‘whether an agreement for the use of real estate is a license or a lease is whether the contract gives
 
 exclusive possession of the premises against all the world, including the owner,
 
 in which case it is a lease, or whether it merely confers a privilege to occupy under the owner, in which case it is a license, and this is a question of law arising out of the eon
 
 *Supp. 794
 
 struction of the instrument. ’ ” Here, under the evidence, defendants’ occupation of the premises was exclusive even as against the plaintiff.
 

 We are also in agreement with defendants’ contention that the award of damages for detention of the property is excessive. As previously indicated, the judgment was for $1,470, computed at the rate of $5.00 per day from June 19, 1953, to and including April 13, 1954. An examination of the complaint discloses that the only allegation as to damage is the following: “The reasonable rental value of said real property is the sum of $5.00 per day and plaintiff will be damaged by said unlawful detainer in the sum of $5.00 per day
 
 from the date the serving of this complaint on defendants
 
 and each of them until the said premises are restored to plaintiff.” (Emphasis added.) And the prayer is for damages upon the same basis. The record before us does not disclose the date of service of the complaint upon defendants, but the action was filed on March 25, 1954, and the trial had on April 13, 1954, with the result that if the complaint was served on the date filed, only 18 days elapsed between the date of filing of the complaint and the trial. As a consequence, under plaintiff’s pleading, it was entitled to recover at the most damages in the total sum of $90.
 
 (Meisner
 
 v.
 
 McIntosh
 
 (1928), 205 Cal. 11, 13-14 [269 P. 612].) Furthermore, the plaintiff is not entitled, in this action, to damages for detaining the property unless it proves that it is entitled to possession. “The action of unlawful detainer is a statutory proceeding and is governed solely by the provision of the statute creating it. It was designed for the purpose of providing a speedy and summary remedy to determine the right to the possession of real property in the cases specified in the statute. It cannot be used for any other purpose than those enumerated therein.”
 
 (Bekins
 
 v.
 
 Trull
 
 (1924), 69 Cal.App. 40, 45 [230 P. 24]. See also
 
 Klein
 
 v.
 
 Loeffler
 
 (1929), 96 Cal.App. 383, 385 [274 P. 373], and
 
 Lynch
 
 v.
 
 Lennon
 
 (1940), Civ. A. 4576.)
 

 Upon a retrial the parties should be permitted to produce evidence as to the circumstances surrounding the placing of defendants in possession, and the conversations then had between them with respect thereto, in order that a correct determination may be made as to the legal relation thereby created between them.
 

 The judgment is reversed.
 

 Bishop, Acting P. J., and Swain, J., concurred.