OSCAR M. PACKARD

v.

CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAIL-
WAY COMPANY.

*Landlord and Tenant—Verbal Lease for Twenty Years—Attempted Assignment of—Tenancy from Year to Year, How Created.*

A verbal lease of land for a term of twenty years at a nominal rental of one dollar for the entire term, is to be regarded as a tenancy at will, or a mere license, and is not assignable.

[Opinion filed April 11, 1892.]

IN ERROR to the County Court of McLean County; the Hon. C. D. MYERS, Judge, presiding.

Messrs. EZRA M. PRINCE and FRANK R. HENDERSON, for plaintiff in error.

Messrs. F. Y. HAMILTON and JOHN T. DYE, for defendant in error.

MR. JUSTICE WALL. This was an action of trover by Packard against the railroad company to recover the value

of a certain building standing on the right of way of the company. The case was tried by the court, a jury being waived, and judgment was rendered for the defendant.

It appears that in April, 1876, when the railroad belonged to a former corporation and was in the hands of a receiver, a verbal agreement was entered into by the superintendent of the road with one Gilmore, by which the latter became the lessee of the company as to a parcel of ground on the right of way for twenty years for the nominal sum of one dollar for the whole term, for the purpose of erecting the building in question, which was to be used in the mercantile and grain business. No writings were signed nor was it ever intended the agreement should be put in that form. The building was erected by Gilmore, who afterward sold it to one Crumbaugh and he sold to Packard. The railroad changed hands several times, the last owner having leased it for a term of years to the defendant in error. It does not appear that notice of Gilmore's rights was ever brought to the knowledge of the lessee company or its lessor. It is urged by plaintiff in error that the tenancy, though under an agreement void by the statute of frauds, became a tenancy from year to year. We are inclined to think not. There was no holding over after the term expired, nor was there a reservation of annual rent, which is said to be the leading circumstance which turns leases for uncertain time into leases from year to year. 4 Kent, 114; Herrell v. Sizeland, 81 Ill. 459. It should be regarded rather as a tenancy at will, or as a mere license. Such an interest is not assignable. Kent, *supra;* 1 Washburn, Real Property, 2.1 Ed., 384–414; Prince v. Case, 10 Conn. 382. Again, such an agreement would not be binding upon a subsequent purchaser of the land, without notice, the building not having been removed. Ewell on Fixtures, 319.

The judgment will be affirmed.

*Judgment affirmed.*