### ISRAELSON et al. v. WOLLENBERG.

(Supreme Court, Appellate Term. May 7, 1909.)

1. LANDLORD AND TENANT (§ 20*)—LEASES—ESSENTIALS.

To constitute a lease the essentials of a contract must be present, and there must be an offer and an acceptance of the terms of the offer.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 53; Dec. Dig. § 20.*]

2. EVIDENCE (§ 431*)—PRESUMPTIONS—SEAL ON INSTRUMENT.

A seal attached to an instrument is but presumptive evidence of regularity, and will not prevent the court from receiving evidence to show that no contract was in fact entered into.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1976; Dec. Dig. § 431.*]

3. LANDLORD AND TENANT (§ 25*)—EXISTENCE OF RELATION.

Where the tenant changed the lease by adding a clause permitting him to display a sign at the front of his apartment, after the landlord had refused to insert such a stipulation, and the landlord, on receiving the lease from the tenant, refused to sign it, but permitted the tenant to occupy the premises on the payment of the monthly rent stipulated for, there was no valid lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 67; Dec. Dig. § 25.*]

4. LANDLORD AND TENANT (§ 118*)—TENANCY AT WILL.

Where one goes into possession of land under an invalid lease, his tenancy at its inception is a tenancy at will.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 408; Dec. Dig. § 118.*]

5. LANDLORD AND TENANT (§ 115*)—TENANCY FROM MONTH TO MONTH.

Where one goes into possession of land under an invalid lease and pays a monthly rent, he becomes a tenant from month to month.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 391; Dec. Dig. § 115.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Jacob Israelson and others against Julius Wollenberg. From a judgment for plaintiffs, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morrison & Schiff, for appellant.
Anton Gronich, for respondents.

PER CURIAM. This is an action to recover an unpaid balance due under a lease alleged to have been executed by defendant as tenant. A recovery for the full term was allowed by the trial justice, and the only question presented is whether the lease received in evidence ever had any inception. The following state of facts would seem to be corroborated by the plaintiffs' own testimony:

Defendant, a musician, agreed to lease an apartment from plaintiffs at $45 a month. He requested that the landlord permit him to display a sign at the front of his apartment and to alter the terms of the lease that it might so read. Plaintiffs declined to do the latter, as they would then be unable to regulate the style of sign which defendant should use; but plaintiffs promised to make some verbal arrangement. He then handed a prepared lease to defendant, which contained a provision forbidding the display of any sign, except by permission of the landlord. This lease defendant took to his lawyer, who changed the above section so that it read as a permission to display signs, which plaintiffs had already refused to permit as a part of the lease. Defendant then signed the lease as altered by his attorney, returned it to the landlord, and subsequently took possession of the premises. The landlord refused to sign the altered lease, but permitted defendant to occupy the premises for 13½ months, during which he paid rent monthly. Defendant moved out on or about June 15th. The lease purports to run until the 1st of October following, and plaintiffs seek to recover the rent for June, July, August, and September, for which no rent was paid.

It is essential for the formation of a lease that all the essentials of a contract must be present. The very first requisite is that there must be a meeting of the minds—an offer, and an acceptance in the terms of that offer. That there was no such agreement here is shown by the testimony of plaintiff himself, who seeks to uphold the validity of the lease. A seal is but presumptive evidence of regularity, and will not prevent this court from receiving evidence of the fact that no contract was in truth entered into. Further than that, the lease was executed by but one party, the defendant. Certainly no document bearing plaintiff's signature has been offered in evidence, and the testimony relating to any such is very vague. Under the circumstances it is impossible to find the elements of a valid contract, and it was error to permit a recovery under the paper in evidence.

It but remains to determine what relation, if any, existed between the parties to this action. The law upon this point is succinctly stated in 24 Cyc. p. 1039:

"Where one goes into possession of land under an invalid lease, his tenancy, at its inception, is a tenancy at will."

See, also, 24 Cyc. p. 1040.

By paying a monthly rent defendant, then, became a tenant from month to month. 24 Cyc. p. 1034, B, 2; Id. p. 1035, b. This is the only legal construction which the facts will permit.

Judgment modified, by reducing the same to the sum of $45 and appropriate costs in the court below, and, as modified, affirmed, without costs of this appeal to either party.