JACOB ISRAELSON, MORRIS D. SOLINGER, HATTIE STERN and LEONORA BAUM, Respondents, v. JULIUS WOLLENBERG, Appellant.

(Supreme Court, Appellate Term, May, 1909.)

Execution of written instruments — Formal requisites — In general — Incomplete execution.
Landlord and tenant — Creation and existence of relation — Implied tenancy — Occupancy under void lease.

> To constitute a lease it is essential that all the elements of a contract be present and there must be both an offer and an acceptance in the terms thereof.
>
> A seal affixed to a lease is but presumptive evidence of regularity and will not prevent the court from receiving evidence of the fact that no lease in fact was entered into.
>
> Where a proposed lease in writing, signed and sealed by the landlord and containing a provision forbidding the intending tenant to display any sign at the front of his apartment, is altered by the tenant's attorney so as to give such permission, and the landlord refuses to sign the lease as altered but permits the tenant to occupy the leased premises, the instrument is not a valid lease, though the landlord receives the monthly rent agreed upon.

Supreme Court, Appellate Term, May, 1909. [Vol. 63.

Where one goes into possession of land under an invalid lease, his tenancy at its inception is a tenancy at will; but, by paying a monthly rent, he then becomes a tenant from month to month.

APPEAL by the defendant from a judgment rendered in favor of the plaintiffs in the Municipal Court of the city of New York, sixth district, borough of Manhattan.

Morrison & Schiff, for appellant.

Anton Gronich, for respondents.

*Per Curiam.* This is an action to recover an unpaid balance due under a lease, alleged to have been executed by defendant as tenant. A recovery for the full term was allowed by the trial justice, and the only question presented is whether the lease received in evidence ever had any inception. The following state of facts would seem to be corroborated by the plaintiffs' own testimony. Defendant, a musician, agreed to lease an apartment from plaintiffs at forty-five dollars a month. He requested that the landlord permit him to display a sign at the front of his apartment and to alter the terms of the lease that it might so read. Plaintiffs declined to do the latter, as they would then be unable to regulate the style of sign which defendant should use, but plaintiffs promised to make some verbal arrangement. They then handed a prepared lease to defendant which contained a provision forbidding the display of any sign except by permission of the landlord. This lease defendant took to his lawyer who changed the above section so that it read as a permission to display signs, which plaintiffs had already refused to permit as a part of the lease. Defendant then signed the lease as altered by his attorney, returned it to the landlord, and subsequently took possession of the premises. The landlord refused to sign the altered lease, but permitted defendant to occupy the premises for thirteen and one-half months during which he paid rent monthly. Defendant moved out on or about June fifteenth. The lease purports to run until the first of October following, and plaintiffs seek to recover the rent for June, July,

August and September for which no rent was paid. It is essential for the formation of a lease that all the essentials of a contract be present. The very first requisite is that there be a meeting of the minds — an offer and an acceptance in the terms of that offer. That there was no such agreement here is shown by the testimony of plaintiffs who seek to uphold the validity of the lease. A seal is but presumptive evidence of regularity and will not prevent this court from receiving evidence of the fact that no contract was in truth entered into. Further than that the lease was executed by but one party, the defendant. Certainly, no document bearing plaintiffs' signature has been offered in evidence, and the testimony relating to any such is very vague. Under the circumstances, it is impossible to find the elements of a valid contract, and it was error to permit a recovery under the paper in evidence. It but remains to determine what relation, if any, existed between the parties to this action. The law upon this point is succinctly stated in the Cyclopædia of Law and Procedure (vol. 24, p. 1039): "Where one goes into possession of land under an invalid lease, his tenancy, at its inception, is a tenancy at will." See also 24 Cyc. 1040. By paying a monthly rent defendant then became a tenant from month to month. 24 Cyc. 1034, 1035.

This is the only legal construction which the facts will permit.

Judgment modified by reducing the same to the sum of forty-five dollars and appropriate costs in the court below and, as modified, affirmed, without costs of this appeal to either party.

Present: GILDERSLEEVE, DAYTON and GOFF, JJ.

Judgment modified and, as modified, affirmed, without costs of this appeal to either party.