John Woodstrom, Plaintiff in Error, v. Charles E. Freeman, Defendant in Error.

Gen. No. 15,371.

1. LANDLORD AND TENANT—*when implication of holdover under expired lease arises.* The implication that a tenant is holding over under the terms of an old lease arises only when proof of an election on the part of the landlord to take the contrary view of the tenant's position and liability is wanting.

2. LANDLORD AND TENANT—*when tenancy at will arises.* A tenant holding over not under the terms of an expired lease but under an arrangement for a new one, void and unenforceable under the Statute of Frauds, is a tenant at will.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

G. W. SPUNNER and H. N. BELL, for plaintiff in error.

CARL R. CHINDBLOM, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to the Municipal Court. That court, February 2, 1909, rendered a judgment of *nil capiat* and for costs against the plaintiff in error, who was also plaintiff below. The suit was for rent claimed to be due to the amount of $100 from the defendant Freeman to the plaintiff Woodstrom, for a flat at 1734 Oakdale avenue in Chicago, from May 5, 1908, to July, 20, 1908, at the rate of $40 a month.

The defendant held a lease of these premises which belonged to the plaintiff, running from October 1, 1906, to April 30, 1908, at said rate. About March 29, 1908, according to the evidence, the plaintiff and defendant had a conversation about another term for a year. The evidence which the plaintiff offered at the trial shows that at that time it was understood between them that the plaintiff was to prepare a written lease and take it to the defendant to be signed, but that he did not do so and that no new lease was signed. On April 29, 1908, there was another conversation between plaintiff and defendant, in which differences evidently arose between them. The result was, as the plaintiff testified, that the defendant told the plaintiff that he would leave the next day, April 30th. But on May 1, 1908, the defendant wrote to the plaintiff saying that as the plaintiff wanted him to move, he would do so as soon as he could, and that plaintiff might put up his rent sign.

The plaintiff offered in evidence his letter to the defendant in reply, dated May 2, 1908, in which he denied having given defendant notice to move. He said among other things: "You agreed to renew your lease some four weeks ago. * * * Therefore should you desire to move at this time I will hold you responsible for rent of the flat for whatever period it may be vacant up to and including April 30, 1909. As you know, a verbal agreement backed up with sufficient evidence, is just as legal as a written agreement."

The introduction of this letter was objected to by the defendant, and the objection was sustained by the court and the letter excluded from the jury, which is one of the alleged errors complained of.

The defendant moved out of the flat on May 5, 1908, and on May 9th his wife came and removed some things which had been left therein. After the defendant moved out, the plaintiff put up some rent signs and advertised the flat, but did not rent it till July 20, 1908. The plaintiff sent the defendant a check dated

' Woodstrom v. Freeman, 159 Ill. App. 340.

May 5, 1908, for $6.65, which the defendant received and cashed. He testified: "I supposed it was for rent from April 30, 1908, to May 5, 1908, and received it as such."

The facts thus recited having been put in evidence by the plaintiff he rested his case, and the court instructed the jury to find for the defendant and entered judgment on the verdict rendered in accordance with said instruction. This instruction and the entry of the judgment are assigned for error.

The questions presented are therefore whether on the facts as shown the court should not have held as a matter of law, and so instructed the jury, that by holding over from May 1st to May 5th, the defendant became liable, at the election of the plaintiff in error, to be treated as a tenant for another year under the terms of the original lease; or at least have left it to the jury whether or not these facts did not work a renewal of this lease by implication of law.

These questions are not free from difficulty. The exclusion of the letter of the plaintiff to the defendant may have been erroneous, but this error was immaterial because the evidence never went to the jury at all. If the letter had been admitted it would, in our opinion, have strengthened rather than weakened the defendant's case. We shall not undertake to discuss fully the nice questions of law raised by the other assignments of error, but limit ourselves to a statement that we agree generally with the position taken by the counsel for defendant, that the implication that a tenant is holding over under the terms of an old lease arises only when proof of an election on the part of the landlord to take the contrary view of the tenant's position and liability is wanting. Such seems to be the law as laid down in this State in the cases on the subject, notably in Weber v. Powers, 213 Ill. 370.

In the case at bar consideration of the letter of the plaintiff of May 2, 1908, would have strengthened the proof that the landlord was relying, not on the old

lease, but on the arrangement for a new one, which it must be conceded was void under the Statute of Frauds, unenforceable and void.

And we are not prepared to hold, as urged by plaintiff in error, that under the facts proven the tenant became a monthly tenant, liable until he had given a thirty days' notice of his intention to terminate the tenancy.

The tenant was liable as a tenant at will for use and occupation for the five days, and the landlord received and cashed a check which he understood was rent for that period.

We do not think that a verdict of a jury for the plaintiff could have been sustained on the evidence even had the issues been left to them, and shall affirm the judgment of the Municipal Court.

*Affirmed.*