## William Madlung and Henry F. Eidmann, Trading as Madlung & Eidmann, Agents, Plaintiffs in Error, v. William P. Jackson, Defendant in Error.

### Gen. No. 16,544.

LANDLORD AND TENANT—*holding over.*  Where a tenant holds possession of premises after the expiration of a lease for a year, the presumption that he continues to hold the premises under said lease, and that the law by implication creates a new tenancy from year to year, is rebuttable by proof that such holding over was referable to the pendency of negotiations for a new lease.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed August 12, 1912.

GEORGE C. OTTO, for plaintiffs in error.

PEASE, SMIETANKA & POLKEY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In an action of the fourth class instituted in the Municipal Court by plaintiffs in error against defendant in error to recover $175, claimed to be due for rent, there was a verdict in favor of defendant in error, and a judgment against plaintiffs in error for costs.

On August 26, 1907, plaintiffs in error, as agents for the owner, Clyde D. Armstrong, executed a written lease of a flat to defendant in error for a term beginning September 15, 1907, and ending September 30, 1908, at a rental of $437.50, payable in monthly installments of $35. Defendant in error continued to occupy the premises and to pay said rent therefor until April 30, 1909, when he vacated the premises and surrendered the key to plaintiffs in error.

Plaintiffs in error sought to recover rent from April 30, 1909, to September 30, 1909, inclusive, under the

claim that defendant in error was liable therefor as a hold-over tenant under said lease.

Where a tenant holds possession of the premises after the expiration of the lease for a year or years under which he went into possession, a presumption obtains that he continues to hold the premises under said lease, and the law by implication creates a new tenancy from year to year. Such presumption, however, is not conclusive, but is rebuttable by proof that the tenant holds over under a new agreement with the landlord, even though such agreement is unenforceable and void under the statute of frauds, or by proof that such holding over is referable to the pendency of a treaty between the parties for a further lease. Weber v. Powers, 213 Ill. 370; Woodstrom v. Freeman, 159 Ill. App. 340.

Defendant in error introduced evidence tending to show that his possession of the premises after September 30, 1908, was referable to a new agreement entered into with the owner of the premises for a further lease thereof for a year, wherein the owner should covenant to make certain repairs and improvements, and that the negotiations for such further lease extended over a period beyond the expiration of the existing lease.

While the evidence upon this issue is close and conflicting, we are unable to say that it fails to support the verdict of the jury.

The instructions state the law applicable to the case with substantial accuracy, and there being no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*