Evelyn S. MEYER, as Trustee,

v.

The UNITED STATES.

No. 108–56.

United States Court of Claims.
April 3, 1957.

Don H. Reuben, Chicago, Ill., for plaintiff. Perry S. Patterson, Herbert J. Miller, Jr., Washington, D. C., and Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., were on the brief.

Thomas L. McKevitt, Washington, D. C., with whom was Asst. Atty. Gen. Perry W. Morton, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is an action brought by plaintiff, for damages resulting from an alleged breach of a lease. Defendant has filed a motion to dismiss the petition on the ground that pursuant to 28 U.S.C. § 1500 this court is without jurisdiction because the claim upon which plaintiff sues here is pending in a condemnation proceeding in the U. S. District Court for the Northern District of Illinois, Eastern Division.

The allegations in the petition may be summarized as follows:

On June 22, 1951, the Clark Congress Corporation leased to the United States a 10-story office building in Chicago known as the "Rand-McNally Building." The United States agreed to pay for certain portions of the building (then available) at the rate of $1.33 per square foot until January 1, 1952. Beginning with January 1, 1952, the United States was to lease or occupy the entire building, subject to existing leases, for a 5-year term for a total rental of $2,500,000 or $500,000 a year payable in monthly installments of $41,666.67. On or about December 24, 1951, the Clark Congress Corporation assigned the lease to the plaintiff, a trustee for all the Clark Congress stockholders. The corporation was then dissolved. The United States, either by negotiation or through condemnation proceedings, terminated the rights of the existing tenants and eventually went into possession of the entire building. The rental was paid when due until August 1955. No rentals have been paid since that date because of a Comptroller General's opinion dated August 12, 1955, declaring the lease invalid. Plaintiff sues for the sum of $291,666.69, representing unpaid rentals under the lease from August 1, 1955, through February 1956 and for the sum of $41,666.67 for each month thereafter.

Plaintiff also asks for the sum of $43,132.96 which she alleges was spent for attorney's fees and costs in defending proceedings brought against her by some of the tenants who were in possession at the time the lease to the United States was executed.

The opinion of the Comptroller General dated August 12, 1955, recites that the lease referred to in the petition has been held invalid on the ground that the reserved rental exceeded the 15 percent of fair market value limitation imposed by the Economy Act of June 30, 1932, 47 Stat. 382, 412, 40 U.S.C. § 278a, 40 U.S.C.A. § 278a. Accordingly, the General Services Administration was directed to terminate rental payments under that lease. The United States, on December 28, 1955, filed a condemnation proceeding against the present plaintiff and others to acquire (a) "the right to use and occupy the premises * * * from the date the same were first occupied by the United States until the date that title thereto shall vest in the United States by judicial process" and (b) "the full fee simple title to the building and

improvements together with the land upon which same are situated."[1] The present plaintiff has filed an answer in the Chicago condemnation proceedings attacking the Government's right to condemn for the period covered by the lease. The United States has filed a motion to strike that answer as not responsive and as based on erroneous legal concepts. Later, Evelyn S. Meyer, as trustee, filed an amended answer attacking the jurisdiction of the District Court, and, among other things, challenging the District Court's jurisdiction to award rent which had become due. The United States filed a motion to strike that portion of the amended answer. This motion was sustained and that part of the answer was ordered stricken.

28 U.S.C. § 1500 upon which defendant relies for dismissal provides as follows:

> *"Pendency of claims in other courts.*
>
> "The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

 Thus, the question presented by defendant's motion, while complicated by the briefs filed, is, we think, a simple one; *i. e.,* has plaintiff pending in any other court any suit against the United States or any one acting or professing to act directly or indirectly under the authority of the United States?

The short answer to this question is simply that the plaintiff has filed but one suit, the one here involved in this court. It seems inconceivable to say that the Government could bring suit and merely because some benefit *might* flow therefrom to the plaintiff, say that plaintiff cannot maintain an action in the forum of his choice, providing said forum has jurisdiction over the controversy.

This being a claim founded upon a contract, there can be no question of this court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (Supp. III, 1952 Ed.) which provides in pertinent part:

> "The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. * * *"

Nor does it matter whether the lease was valid or invalid. If valid, obviously the claim would be for a breach thereof. If invalid, the Tucker Act, supra, still gives this court jurisdiction to hear and determine the rights of the parties. It is a fundamental rule of landlord and tenant that when one becomes a tenant by virtue of a written lease and the lease be later held invalid, the tenancy created by the parties is one at will and the tenant cannot escape payment of rent. Covina Manor v. Hatch, 133 Cal.App.2d Supp. 790, 284 P.2d 580; Israelson v. Wollenberg, 63 Misc. 293, 116 N.Y.S. 626; Stanmeyer v. Davis, 321 Ill.App. 227, 53 N.E.2d 22; Woodstrom v. Freeman, 159 Ill.App. 340; Packard v. Cleveland, C., C. & St. L. Ry. Co., 46 Ill.App. 244.

Nor do we believe that the fact that the District Court has held it has jurisdiction to determine the matter would divest this court of jurisdiction. If this court were to sustain the Government's motion and dismiss the pending peti-

---

1. Instead of filing a separate condemnation case, the United States proceeded by filing an amended petition in an existing case originally brought only against some of the tenants. The amended petition, of course, names the plaintiff as a defendant as well as the trustees listed in later trust agreements.

tion and later the District Court's action was held to be in error, it very well might happen that plaintiff would be time-barred from again bringing suit in this court for the rent allegedly due.

A further indication as to plaintiff's contention that this is the only suit filed by it is the fact that plaintiff has filed answer in the District Court strongly protesting the District Court's jurisdiction to award rent for the reason the amount exceeds $10,000 and alleging exclusive jurisdiction in the Court of Claims, even though upon motion of the Government that portion of plaintiff's answer was stricken.

Therefore, it seems clear that since this court has jurisdiction over the claim sued on and the plaintiff has chosen this forum in the only action filed by it, section 1500, supra, has no application.

Defendant's motion to dismiss is overruled.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.