**WEST SEATTLE GENERAL HOSPITAL, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 480–79C.

United States Claims Court.

March 14, 1983.

Kenneth B. Bley, Los Angeles, Cal., for plaintiff.

Glenn E. Harris, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

NETTESHEIM, Judge.

This memorandum memorializes the court's ruling on defendant's motion to dismiss filed on June 17, 1982, which was announced in a conference call held on March 14, 1983.

On March 11, 1982, the Court of Claims issued its decision granting plaintiff's motion for summary judgment, denying defendant's cross-motion, and entering judgment for plaintiff. 674 F.2d 899 (1982). The case was referred to the former Trial Division of the Court of Claims for computation in the amount of recovery. Apparently, no action was taken in response to the remand.

On June 17, 1982, defendant moved to dismiss the petition based on the decision of the United States Supreme Court in *United States v. Erika,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), decided on April 20, 1982, holding that the Court of Claims lacked jurisdiction to review reasonable cost determinations under Part B of the Medicare Program, Social Security Act, §§ 1869, 1869(a, b), *amended by* 42 U.S.C. §§ 1395ff, 1395ff(a, b) (1976). Defendant argued that *Erika* impliedly overruled *Whitecliff, Inc. v. United States,* 210 Ct.Cl. 53, 536 F.2d 347

(1976), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977), accepting limited review of Part A determinations, because the court in *Erika* "expressly rejected" the "rationale used by this court in *Whitecliff.*"

This court was assigned this case by order entered January 25, 1983, after the motion to dismiss had been fully briefed. In scheduling oral argument, the court permitted the parties to file supplemental briefs on or before March 10, 1983, addressing any authorities applicable to the case which came into existence after August 31, 1982, when defendant's reply brief was filed.

Plaintiff filed a supplemental memorandum on March 7, 1983. Defendant did not make a filing; but in oral argument defense counsel candidly abandoned his jurisdictional arguments for reasons similar to those discussed herein.

The court agrees with plaintiff's arguments that decisions of the Court of Claims subsequent to *Whitecliff* manifestly demonstrate the former Court of Claims' view that *Erika* did not affect its jurisdiction over Part A Medicare determinations. *E.g., Whitecliff, Inc. v. United States,* 231 Ct.Cl. —— (1982) (per curiam) ("[T]he *Erika* opinion decided only the Part B issue.... The decision in this case in 1976 is binding precedent upon us until it is expressly reversed by the Supreme Court or overruled by an *en banc* decision of this court."); *accord, Rio Hondo Memorial Hospital v. United States,* 231 Ct.Cl. ——, 689 F.2d 1025, 1028 (1982) ("[*Erika*] ... dealt only with Part B Medicare cases and does not affect our jurisdiction over this Part A Medicare case."); *Spokane Valley General Hospital, Inc. v. United States,* 231 Ct.Cl. ——, 688 F.2d 771, 776 (1982) ("The full court ... has decided in view of the significant differences between the statutory provisions dealing with Parts A and B of Medicare, it will not reconsider its decisions that it has jurisdiction over Part A cases.").

■ The United States Claims Court is bound to accept as binding precedent all published decisions of the former Court of Claims "unless and until modified by deci-

sions of the United States Court of Appeals for the Federal Circuit or the United States Supreme Court." General Order No. 1, U.S. Cl.Ct. Preceding Rule 1, 28 U.S.C.A., 550 F.Supp. LXIII (1982).

■ Because the Court of Claims repeatedly reaffirmed the decision in *Whitecliff,* rejected an implication to the contrary in *Erika,* and refused to order consideration by the full court, the motion to dismiss based on *Erika* fails as a matter of law. *See also Royce v. United States,* 1 Cl.Ct. 225 (Cl.Ct.1982) (KOZINSKI, C.J.).

During oral argument the court proposed the following schedule to which the parties agreed.

The parties are directed expeditiously to confer and exchange documents in order to agree on the amount of recovery which will be entered on a stipulation of settlement or before June 13, 1983. If a stipulation of settlement cannot enter by that date—for example, if defendant has a good-faith challenge to any aspect of plaintiff's computation—the parties shall so advise the court in a Joint Status Report signed by counsel for both parties, and filed with the Clerk of the Court wherein a schedule for limited discovery and/or briefing on cross-motions, shall be proposed, as appropriate, in order to resolve any questions dealing with the computation. In no event, will the parties be permitted to continue proceedings on the computation of amount of recovery beyond July 13, 1983.

IT IS SO ORDERED.