66 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Light STEPHENSON, Jr., Petitioner.
 Misc. No. 441.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 Light Stephenson, Jr. petitions for a writ of mandamus to direct the Court of Federal Claims to lift the stay of proceedings, to exercise its exclusive jurisdiction, and to adjudicate Stephenson's inverse condemnation claim. The United States opposes.
 
 BACKGROUND
 
 2
 At issue in this petition is Stephenson's concern whether the Court of Federal Claims will be able to consider his claim of inverse condemnation from May 18, 1982 (the date he alleges a taking) until February 24, 1989 (the date that the United States filed a declaration of taking in district court). Stephenson's primary concern is that the Court of Federal Claims will lose jurisdiction over his case pursuant to 28 U.S.C. Sec. 1500 if he asserts in the district court condemnation action that a taking occurred before February 24, 1989.
 
 
 3
 Stephenson filed an inverse condemnation action in the Court of Federal Claims on December 10, 1986. Stephenson claimed that the United States had taken his interests in mineral rights underlying 836 acres of the Stitz Ranch in southern Texas without payment of just compensation. Stephenson alleged that the value of the property taken was several million dollars and that the taking occurred on May 18, 1982. On February 24, 1989, the United States filed a declaration of taking in the United States District Court for the Southern District of Texas, formally condemning the mineral rights underlying the 836-acre tract.
 
 
 4
 On March 31, 1994, the Court of Federal Claims denied the parties' cross-motions for summary judgment and suspended the case, stating:
 
 
 5
 The district court has the authority to decide compensation as of the date of actual taking, even if that taking occurred prior to the filing of the declaration, and to award the value of the taken property to the owners at the time of the taking, not to the record owners at the time the declaration was later filed. See Dow, 357 U.S. at 20-21. Cf. Kirby Forest Indus., 467 U.S. at 12, n. 18 (noting that Fed.R.Civ.P. 71A(i)(3) "forbids the district court to dismiss an action (without awarding just compensation) if the Government has acquired any 'interest' in the property"). See also Fed.R.Civ.P. 71A(i)(3) (stating: "the [condemnation] court ... shall not dismiss the action as to any part of the property of which the plaintiff has taken possession ... but shall award just compensation for the possession ... so taken").
 
 
 6
 ....
 
 
 7
 Of course, if the government takes more or different property than the declaration of taking identifies, jurisdiction over any taking claim with respect to such property, if valued at more than $10,000, clearly would be vested exclusively in this court under 28 U.S.C. Sec. 1491 (1983). See Narramore, 960 F.2d at 1051 (district court did not have jurisdiction in 1990 to reopen its earlier (1959-60) judgment awarding compensation in connection with a declaration of taking of a flowage easement to permit the adjudication of a purported condemnation of another, greater property interest, to wit, a fee simple estate.) Unlike in Narramore, the declarations of taking in the district court here cover the entire fee simple estates to the property claimed to be owned by plaintiffs here, and final judgment has not yet been entered in either case.
 
 
 8
 Even if a stay (or dismissal) is not mandated by the Taking Act, this court, like the court in Georgia-Pacific, concludes that justice would be served by suspending further proceedings in this litigation until the district court has had an opportunity to decide when the dates of takings occurred, and the amount of compensation payable on those dates. This court's decision regarding any claim in this case that does not concern the property identified in the district court declarations of taking also shall be suspended until the district courts issue their decisions.
 
 
 9
 Both Stephenson and the United States filed motions for reconsideration of the court's March 31, 1994 order. On April 21, 1995, the court denied both motions, stating:
 
 
 10
 The court is powerless to define authoritatively the jurisdiction of the federal district court under the Declaration of Taking Act. That is the exclusive prerogative and responsibility of the district court itself. See Williams v. Secretary of the Navy, 787 F.2d 552, 557 (Fed.Cir.1986) (explaining that federal courts have the power and duty to determine their own jurisdiction). This was clearly noted in the original order ... and is reiterated here. Whether the statute allows a district court to award compensation for a taking earlier than the date of the taking declaration, or for two takings, i.e., for a prior temporary taking as well as a permanent taking, ultimately is a decision for that court and its reviewing courts.
 
 
 11
 ....
 
 
 12
 At trial in a declaration of a taking case, the property owner bears the burden of establishing the value of the property. United States ex rel. Tennessee Valley Auth. v. Powelson, 319 U.S. 266, 273 (1943); Yaist v. United States, 17 Cl.Ct. 246, 257 (1989). Under the procedures utilized in condemnation cases, the property owner is entitled to present evidence regarding the property's value even if he has never voluntarily participated in the condemnation action, i.e., he has failed to answer the government's petition, has declined to make an appearance, and has waived his defenses or objections to the petition. See Fed.R.Civ.P. 71A(e) (prescribing the special procedures applicable in condemnation actions).
 
 
 13
 Indeed, the federal courts of appeal uniformly have held that a district court lacks jurisdiction to entertain a true counterclaim in a condemnation proceeding, that is, a separate freestanding claim that otherwise could be asserted independently in another proceeding. United States v. 38.60 Acres of Land, 625 F.2d 196 (8th Cir.1980); United States v. 40.60 Acres of Land, 483 F.2d 927 (9th Cir.1973); United States v. 6,321 Acres of Land, 479 F.2d 404 (1st Cir.1973).
 
 
 14
 Therefore, it appears that plaintiffs may not raise the earlier taking date as a "counterclaim," but only as part of their burden of proving that the value of the property taken exceeds the amount deposited by the government. Because the value of the mineral property identified in this case and the two district court actions depends largely on when it was taken, the question of the time of taking is an element of valuation, not liability.
 
 
 15
 Also, because the decision to file a condemnation proceeding is wholly beyond plaintiffs' control, the purpose of Sec. 1500--to require plaintiff to make an election of forum for duplicative suits involving the same operative facts, see Keene at 113 S.Ct. 2039-40--appears not to be implicated when the second suit is brought by another party--the government. See Meyer v. United States, 138 Ct.Cl. 86, 150 F.Supp. 314 (1957); accord Georgia Pacific, 215 Ct.Cl. at 363 n. 8, 568 F.2d at 1322 n. 8.
 
 
 16
 Stephenson moved to lift the stay on the ground that the Court of Federal Claims had exclusive jurisdiction of the case. On May 26, 1995, the court denied his motion. Stephenson now petitions this court for a writ of mandamus to direct the Court of Federal Claims to lift the stay and exercise its exclusive jurisdiction over the case.
 
 DISCUSSION
 
 17
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical, 449 U.S. at 35.
 
 
 18
 Stephenson's basic argument is that the Court of Federal Claims' failure to assert its exclusive jurisdiction over his inverse condemnation claim may deprive him of a forum in which to argue the merits of his case. See 28 U.S.C. Sec. 1346(a)(2); 28 U.S.C. Sec. 1491(a)(1); Narramore v. United States, 960 F.2d 1048, 1051 (Fed.Cir.1992) (when a property owner seeks compensation beyond the scope of the government's condemnation action and in excess of $10,000, the proper remedy is the Tucker Act and the proper forum is the Claims Court). Stephenson argues that the Court of Federal Claims will lose jurisdiction over his case pursuant to 28 U.S.C. Sec. 1500 if he asserts an earlier date of taking in the condemnation action.[1] Stephenson contends that if the district court then refuses to consider an earlier date of taking, he will be barred from refiling his inverse condemnation claim in the Court of Federal Claims because of the six-year statute of limitation. See 28 U.S.C. Sec. 2501. Conversely, Stephenson argues that if he does not raise the merits of his inverse taking claim before the district court, his action in the Court of Federal Claims will be dismissed under the doctrine of res judicata. See Allen v. McCurry, 449 U.S. 90, 94 (1980) (final judgment on merits of action precludes party from relitigating an issue that was or could have been raised in the action).
 
 
 19
 In response, the United States asserts that Stephenson has other means of obtaining relief and that Stephenson will not lose his opportunity to have his inverse condemnation claim heard on the merits.
 
 
 20
 We conclude that Stephenson has other means of obtaining the relief he seeks. If the district court refuses to consider the earlier date of taking as alleged by Stephenson and the Court of Federal Claims subsequently dismisses Stephenson's claim, that dismissal is a final order that is appealable to this court. If Stephenson's claim is heard on the merits by the district court and Stephenson appeals from that decision, Stephenson may raise the issue of the district court's jurisdiction before the Fifth Circuit. Thus, Stephenson may argue the jurisdictional issues on appeal after final judgment, if appropriate, and review by mandamus is not warranted. Allied Chemical, 449 U.S. at 35.
 
 
 21
 Further, Stephenson has not shown that his right to a writ of mandamus is clear and indisputable. Although Stephenson argues that 28 U.S.C. Sec. 1500 may operate to deprive him of a forum in which his inverse condemnation claim may be heard, he does not cite any cases to support the proposition that raising a date of taking in the condemnation action that is earlier than the declaration of taking constitutes a counterclaim for purposes of 28 U.S.C. Sec. 1500. We note that the Court of Federal Claims' decision to stay Stephenson's case is in accordance with the Court of Claims' holding in Georgia-Pacific Corp. v. United States, 568 F.2d 1316 (Ct.Cl.1978), cert. denied, 439 U.S. 820 (1978).[2] Although the United States and Stephenson argue that Georgia-Pacific was wrongly decided, Georgia-Pacific is binding precedent for this court and the Court of Federal Claims. See South Corp. v. United States, 690 F.2d 1368, 1371 (Fed.Cir.1982) (adopting decisions of the Court of Claims as binding precedent); West Seattle Gen. Hosp., Inc. v. United States, 1 Cl.Ct. 745, 746 (1983) (published decisions of the Federal Circuit constitute binding precedent on the Court of Federal Claims).
 
 
 22
 Here, the Court of Federal Claims stated that "[t]he case shall remain suspended pending the district court's decision whether it may decide the value of the property on an earlier taking date and, if so, whether it needs to." If the district court rules that it will not consider an earlier date of taking, it appears that the Court of Federal Claims will terminate the stay and proceed with the determination of Stephenson's inverse condemnation claim. In sum, Stephenson has not shown that the stay ordered by the Court of Federal Claims will deprive him of the opportunity to have his case heard on the merits.
 
 
 23
 Accordingly,
 
 IT IS ORDERED THAT:
 
 24
 Stephenson's petition for a writ of mandamus is denied.
 
 
 
 [1]
 Section 1500 of 28 U.S.C. provides as follows:
 The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.
 
 
 [2]
 In that case, Georgia-Pacific filed an action for inverse condemnation in the Court of Claims and the United States subsequently filed a condemnation action in district court. The Court of Claims determined that the district court had the authority to find that the actual date of taking preceded the declaration of taking. Georgia-Pacific, 568 F.2d at 1320-21