[Civ. No. 18585.   First Dist., Div. Two.   Feb. 3, 1960.]

CROCKER-ANGLO NATIONAL BANK (a National Banking Association) et al., as Executors, etc., Respondents, v. MORRIS ROBERTS, Appellant.

James Martin MacInnis, Nicholas Alaga and Joseph F. X. Murphy for Appellant.

Cahill & Casey, Thos. F. Casey, Jr., and Edward J. Boessenecker for Respondents.

DRAPER, J.—Arnold Liebes sold his retail fur business, located in rented quarters, to defendant. The agreement of sale provided:

"Buyer agrees that in event he secures an extension of the present lease on the store premises at 218 Post Street, San Francisco, or a new lease on the said premises or any portion thereof, he will pay the additional sum of Twenty-Five Hundred Dollars . . ."

Some six months later, defendant and the owner of the premises which Liebes had occupied executed a new lease for a three-year term commencing on expiration of the Liebes lease. Liebes brought this action to recover $2,500 under the provision quoted above. On his death, his executors were substituted as plaintiffs. They had judgment, and defendant appeals.

[■■] The new lease to defendant provided that the lessor could terminate it during a four-month period in 1954 or 1955 or 1956, on 60 days notice, but only if lessor sold the building of which the leased premises were a part, or leased

a major portion of the building for a term of years. Defendant asserts that this right to cancel renders the document no lease at all, but a mere tenancy at will. This contention is without merit. Lessor can cancel only at limited periods and only upon his sale or lease of the building in which the premises are located. In thus limiting his own freedom of action, the lessor clearly conferred upon defendant rights amounting to a leasehold interest. ▮ The right to cancel is a condition which does not negative the existence of a lease. (*Wagner* v. *Shapona*, 123 Cal.App.2d 451, 461 [267 P.2d 378].)

▮ But, says appellant, such a lease is not that contemplated in his agreement with Liebes. He argues that this agreement calls for a lease on the same terms and conditions as those of the lease to Liebes. Since no extrinsic evidence was offered, we look only to the language of the Liebes-Roberts agreement, which dispels this argument. It provides for the additional payment if defendant secures either a renewal of the existing lease or a new lease on ''any portion'' of the premises. No language specifies that the new lease shall be on the same terms as the old. A more direct answer is that the argument could not, in any event, avail defendant. The old lease is not in evidence. Thus defendant has wholly failed to establish that the new lease differs in any respect from the old.

▮ Defendant suggests, however, that this court should take evidence to establish the intent of the parties to the Liebes-Roberts agreement and the terms of the former lease. But he has not shown why such evidence, if it exists, was not produced at trial. Such showing is required. (*City of Port Hueneme* v. *City of Oxnard*, 52 Cal.2d 385, 391-392 [341 P.2d 318]; *Estate of Schluttig*, 36 Cal.2d 416, 420-423 [224 P.2d 695]; see Rules on Appeal, rule 23[b].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.