[Civ. No. 8503. Fourth Dist., Div. One. Aug. 18, 1967.]

FIRST & C CORPORATION, Plaintiff and Appellant, v. WALTER WENCKE et al., Defendants and Respondents.

Norvin L. Grauf for Plaintiff and Appellant.

Walter Wencke, in pro. per., for Defendants and Respondents.

LAZAR, J. pro tem.*—The appeal in this action is by plaintiff-appellant First & C Corporation, a corporation, from a judgment that plaintiff take nothing by its complaint as against defendants-respondents Walter Wencke and Cathryn Wencke (Wencke) after granting of defendants' motion for

*Assigned by the Chairman of the Judicial Council.

summary judgment. The action was instituted by plaintiff's complaint seeking the reasonable rental value of premises formerly owned by defendants and subsequently acquired by plaintiff. In answer to the complaint, defendants denied generally the variously stated common count allegations of that pleading.

Defendants moved for summary judgment relying upon defendant Walter Wencke's affidavit, the substance of which may be summarized as follows: On March 27, 1961, defendants entered into a contract[1] with Fifth & Elm Investment Company (Fifth & Elm); on April 5, 1961, an unconditional grant deed of the subject property was recorded in favor of Fifth & Elm; Wencke continued in possession of the property; no notice to move was ever given to Wencke; on April 4, 1961, Fifth & Elm conveyed by grant deed to Title Insurance

[1] "WHEREAS, Fifth & Elm will erect an office building on said property and offer quarters therein to Wencke,

"THEREFORE, in consideration of the sale of said property by Wencke, Fifth & Elm shall:

"(a) Pay the sum of $80,000.00 in accordance with escrow instructions given to the Union Title Insurance Company, a photocopy of which is appended hereto and incorporated herein.

"(b) Give Wencke free and full use of the premises from the time of passage of title until the last day specified in a written notice to move given by Fifth & Elm.

"(c) Give ninety days written notice to move to Wencke.

"(d) Pay Wencke the sum of $452.50 (Four Hundred Fifty-two Dollars and Fifty Cents) per month on the first of each month commencing the day he vacates the premises and concluding the day that quarters in the new office building to be erected on the premises are ready for occupancy by Wencke.

"(e) Pay Wencke the sum of $3,000.00 (Three Thousand Dollars) thirty days before the last day specified in the notice to move which sum is intended to defray the expense and annoyance involved in moving to temporary quarters.

"(f) Wencke shall be given 1,250 (one thousand, two hundred and fifty) square feet of office space in the new building which shall be erected by Fifth & Elm under the following conditions:

"1. Wencke to have a yearly option to renew for a total period of ten years from the date hereof. A holding over in any period shall be deemed an exercise of said option.

"2. Rent shall be the lowest paid by any tenant. That is to say, Wencke shall pay no more than the most favored tenant. A subsidiary or parent corporation of Fifth & Elm shall not be considered a tenant for this purpose when it leases space for its own use.

"3. The office shall be furnished (drapes, carpeting, etc.) to the same extent as the space of the most favored tenant is furnished.

"4. Wencke shall be given five parking spaces.

". . . . . . . . . . .

"(h) This agreement shall be binding upon the heirs and assigns of the parties. Fifth & Elm, in the event of any sale, assignment, or transfer, shall procure the adherence to this agreement of the purchaser, assignee, or transferee."

and Trust Company, as trustee for Electronics Capital Corporation, with notice to Title Insurance and Trust Company of the March 21, 1961, contract; on December 10, 1962, Wencke filed suit against Fifth & Elm, David M. Sapp (as *alter ego* of Fifth & Elm), and Title Insurance and Trust Company for damages in the amount of $100,000 for breach of the March 21, 1961, agreement "by failing to make preparation and commencing the construction of an office structure" on the subject property within a reasonable time and for injunctive relief against defendants or their successor assignees if required by the equities of the matter; a notice of pendency of action was recorded December 11, 1962; Wencke remained in possession of the subject property at all times involved in the instant action; on February 19, 1963, First & C acquired the subject property with full notice of the foregoing matters. Plaintiff acquiesced in all factual matters included within Wencke's affidavit and filed no responsive affidavit. Plaintiff claims it is entitled to the reasonable rental value of Wencke's occupancy of the subject premises for the period of March 21, 1963, to October 1, 1964, the date of plaintiff's complaint.

▮ Plaintiff makes four contentions. The first is: The court erred in concluding that a purchaser of real property is subject to rights of a possessor, which rights are personal as between that possessor and a predecessor in title.

We conclude that the court did not err. Plaintiff argues that Wencke's right to possession without rent can be supported only if shown to be a covenant running with the land and that properly it should be construed only as a license. In our view, the interest of Wencke as revealed by the agreement is that of a tenancy at will, terminable upon condition subsequent, to-wit, the giving of a "ninety days [*sic*] written notice to move." " 'Tenant at will,' says Littleton, (Sec. 68,) 'is where lands or tenements are let by one man to another, to have and to hold to him at the will of the lessor, by force of which lease the lessee is in possession. In this case the lessee is called tenant at will, because he hath no certain or sure estate; for the lessor may put him out at what time it pleaseth him.' . . . The language of the books is, that a tenancy at will cannot arise without express grant or contract, (2 Preston on Abstracts of Title 25,) and when it does so arise, the tenant is entitled to a reasonable notice of his landlord's intention to teminate the estate before an action can be maintained against him for the possession." (*Blum* v. *Robertson*

(1864) 24 Cal. 127, 144-145.) We are unaware of any reason why this is not the law to be applied to the possessory part of the subject agreement, Wencke's possession thereunder without rental charge. (See *Jones* v. *Shay*, 50 Cal. 508; cf. *Turney* v. *Collins*, 48 Cal.App.2d 381 [119 P.2d 954]; *Crocker-Anglo Nat. Bank* v. *Roberts*, 177 Cal.App.2d 614 [2 Cal.Rptr. 568].) The provisions of the agreement between Wencke and Fifth & Elm in this respect are completely consistent with Civil Code section 789 providing for termination of estates at will. That section provides: "[a] tenancy or other estate at will, however created" may be terminated by not less than thirty days' written notice.

Plaintiff took subject to the terms of the existing contract and even if it were plaintiff's right to change those terms by written notice (Civ. Code, § 827), it did not avail itself of that right (paraphrasing *Scholey* v. *Steele*, 59 Cal.App.2d 402, 405 [138 P.2d 733]). Whether plaintiff would have been required to make the monetary payments called for by the contract we are not required to decide, for the reason that plaintiff gave no notice to move, hence the tenancy at will was not terminated by it and the payments to be made to Wencke are not at issue in this case. However, we observe that the payment of moving costs and interim rent money were not in terms made conditions of the termination of possession.

█ Plaintiff's second contention is that the trial court erred in concluding that there is no ambiguity in the phrase "full and free use of premises" and no ambiguity in the effect of the agreement as a whole.

We conclude and hold that this contention is without merit. If it were of any merit it would provide a quick and easy solution to the appeal, for the reason a triable issue of fact as to the meaning of the agreement would exist which would mandate denial of the motion for summary judgment in the first instance and reversal of the judgment appealed from in the second. Plaintiff tacitly recognized the lack of merit in the contention, however, by stipulating to the facts contained in Wencke's affidavit except as to the legal conclusions therefrom. Such stipulation necessarily eliminated any question of ambiguity and left to the court the obligation and right to construe the document on its face. Aside from plaintiff's waiver of the point under discussion, we hold that the agreement was correctly construed on its face. Nothing which plaintiff argues as to the effect of the unlimited grant of title from Wencke to Fifth & Elm diminishes our opinion as earlier set

forth herein that Wencke was in possession, without obligation to pay rent, under, at the least, a tenancy or estate at will.

Plaintiff next contends in effect that by exercising an election of remedies Wencke waived ''their rights for performance under the agreement.''

We hold that the question of election of remedies was not actually an issue before the trial court, notwithstanding it was argued to the court by plaintiff. The action commenced by Wencke was not inconsistent with Wencke's continued possession of the subject premises under the contract. The circumstances as they existed when the Wencke complaint was filed in truth called for declaratory relief, a fact implicitly recognized by the complaint in suggesting the possible need for and propriety of equitable relief. What we have heretofore said concerning lack of ambiguity of the agreement applies in respect only to the action for rent and in no way to the meaning of the agreement in a context of obligated or voluntary performance by Fifth & Elm or a successor in interest.

Plaintiff argues for an election of remedies on the basis of estoppel but fails to show in what way prejudice has resulted from the commencement of the Wencke action. At all times plaintiff has known of the Wencke possession of the subject property. An action for eviction could have been commenced, notice of termination pursuant to the contract or notice of an intended rent charge could have been given as soon as plaintiff acquired title, which would have brought the situation to a head. Plaintiff had full knowledge of the Wencke action and could have sought to intervene therein. Under the circumstances plaintiff is in no position to claim an estoppel. We note additionally the statement in 1 Witkin, California Procedure (1954), Actions, § 49, p. 546, that: ''Well considered California cases repudiate the view that a binding election results from mere commencement of an action.''

The final contention upon which plaintiff relies is that the rule against perpetuities invalidated the March 21, 1961, agreement between Wencke and Fifth & Elm.

Plaintiff correctly points out that the Wencke interest in the subject property under the March 21, 1961, agreement is divisible into two parts, the first part being the possessory interest to continue until the giving of notice to vacate, the other an estate from year to year to commence upon occupancy of the proposed office building to be built.

We have held that Wencke was vested with an estate at will

as to the possession in suit. It follows, as conceded by plaintiff, that the rule against the remoteness of vesting (Civ. Code, § 715.2) would not be violated. In point is the illuminating discussion to be found in *Fisher* v. *Parsons,* 213 Cal.App. 2d 829, where, in part, it is said, on page 838 [29 Cal.Rptr. 210] : ''Respondent's argument overlooks the cardinal proposition that there was an immediate vesting of all rights under the lease, for defendant was in possession at the time it was made and it became immediately effective. Defendant thereby acquired a present right to occupancy of all office space then in its possession and a potential occupancy of all other available office space in the building; the right to possession of the additional space immediately vested though the enjoyment of possession was postponed until defendant's requirements should entitle it to possession of additional available space in the building. 'Subject to the possible exception of certain gifts of future interests to a class . . . both the rule against remoteness of vesting and the rule against suspension of the absolute power of alienation are ordinarily inapplicable to vested estates. They apply only to future contingent estates.' (38 Cal.Jur.2d, § 14, p. 459.) Postponement of possession or enjoyment of an interest that is vested does not bring the rule against perpetuities into operation. 'The rule against perpetuities . . . relates only to vesting and does not apply to vested future estates though possession and enjoyment be postponed indefinitely.' (*Caffroy* v. *Fremlin,* 198 Cal.App.2d 176, 181 [17 Cal.Rptr. 668].) See, 70 C.J.S., § 7, p. 583; § 10, p. 585.''

It is further argued, however, that Civil Code, section 718, would apply. That section forbids a lease for longer than 99 years of a town or city lot if ''rent or service of any kind'' is reserved. While it is true the notice to vacate might not be given for 99 years, the answer to the point is that the agreement reserves no rent or service of any kind. Wencke made no agreement to do anything, as we read the agreement, and the estate at will is not subject to the inhibition of Civil Code, section 718. (Cf. *Fisher* v. *Parsons, supra,* 213 Cal.App. 2d 829.)

We are inclined to agree that the option for the year-to-year lease after construction is within the rule against perpetuities, as asserted by plaintiff. The point has been considered in the case of *Haggerty* v. *City of Oakland,* 161 Cal. App.2d 407 [326 P.2d 957]. There, the City of Oakland made

an agreement for a lease to a concessionaire to commence upon construction and completion of a convention facility building. We refer to that opinion for a brief and clear statement of the basic rule involved and content ourselves with quoting, from page 420: ''In the instant case the only question presented is whether, when the lease was executed, there was any possibility, no matter how remote, that the estate might not vest within 21 years. With an uncertain and unfixed commencement date such a possibility exists. The possibility may be extremely remote and highly improbable, but that is not the question. The court should not and properly cannot speculate on this problem. If the slightest possibility exists that the estate will not vest within the prescribed period, the rule has been violated.''

We deem the Wencke interests before and after a notice to vacate to be separate and divisible. Since the invalid year-to-year lease provisions are distinct from and independent of the valid estate at will created at the time of divestment of title, the invalidity of the later provision does not affect the validity of the earlier estate. (It is the general rule that an invalid interest or provision under the rule against perpetuities will not invalidate other and severable interests or provisions which are good under the rule. [See *Otto* v. *Union Nat. Bank,* 38 Cal.2d 233 [238 P.2d 961] ; *Estate of Micheletti,* 24 Cal.2d 904 [151 P.2d 833] ; 2 Witkin, Summary of Cal. Law (1960), Real Property, § 159, p. 1002.])

We conclude that the trial court correctly ruled that plaintiff was not entitled to claim rent from the defendants.

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.